**Jolene Craig MUELLER, Individually and as Next Friend of Her Minor Daughters, Nancy Herrera and Rachel Leann Mueller, and on Behalf of Her Deceased Minor Daughter, Savannah Craig Mueller, Petitioners,**

v.

**Jorge A. SARAVIA, M.D. and as a Professional Corporation, Respondent.**

**No. D–2031.**

Supreme Court of Texas.

March 25, 1992.

David W. Rogers, San Antonio, for petitioners.

John W. Weber, Jr., Marilyn Eades, San Antonio, Kevin J. Keith, Dallas, for respondent.

PER CURIAM.

We consider whether a motion for new trial, filed under the original cause number rather than the severed cause number, is sufficient to perfect appeal and avoid dismissal.

Jolene Mueller brought a medical malpractice action against Dr. Jorge A. Saravia and Revco Discount Drug Centers. Her action was filed under cause number 90–CI–11255. On February 11, 1991, the trial court rendered a take-nothing summary judgment in favor of Saravia. In that same judgment, Mueller's claims against Saravia were severed and assigned a new cause number, 90–CI–11255A. On February 26, 1991, a take-nothing summary judgment was also granted, under the original cause number 90–CI–11255, in favor of the remaining defendant, Revco Drugs.

On March 7, 1991, Mueller filed a motion under the *original* cause number, 90–CI–11255, seeking a new trial in *both* causes. On that same day, she also filed a motion to reconsolidate the two causes, which the trial court granted on May 6, 1991.

Subsequently, Mueller appealed the trial court's judgment granting summary judgment in favor of Saravia. The court of appeals, however, dismissed her appeal based on two grounds: (i) failure to timely perfect appeal, and (ii) failure to timely file a transcript in accordance with Tex. R.App.P. 54(a). In justifying its dismissal, the court of appeals relied upon *Philbrook v. Berry*, 683 S.W.2d 378, 379 (Tex.1985), for the proposition that, when a motion for new trial is filed in a cause not containing the judgment the motion assails, the court's plenary power over its judgment is not extended beyond the 30 days prescribed by Tex.R.Civ.P. 329b(a).

■ Assuming that *Philbrook* was properly decided, Mueller's appeal still survives dismissal under its standard. *Philbrook* demands no more than that "the motion for new trial must be filed in the *same cause* as the judgment the motion assails." *Philbrook*, 683 S.W.2d at 379 (emphasis added). That was the case here. First, the judgment assailed was filed under the *original* cause number 90–CI–11255. Consequently, Mueller properly filed her motion for new trial under that same cause number, rather than the severed cause number 90–CI–11255A. Second, no document included within the transcript contains the severed cause number. In fact, all subsequent motions by the parties and rulings by the court were made under the original cause number, 90–CI–11255, rather than the severed cause number, 90–CI–11255A. To follow the court of appeals' own reasoning in a similar case, a party should not be punished "for failure to comply with the terms of an order of severance ignored by [both the opposing party] and the court ... [and] should be able to look to [the] judgment to determine the cause number under which he should file his motion for new trial." *Southland Paint Co., Inc. v. Thousand Oaks Racket Club*, 687 S.W.2d 455, 457 (Tex.App.—San Antonio 1985, no writ).

■ We have repeatedly held that a court of appeals has jurisdiction over an appeal when the appellant files an instrument that is "a bona fide attempt to invoke appellate court jurisdiction." *City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex.1992) (per curiam) (quoting *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports*, 813 S.W.2d 499, 500 (Tex. 1991) (per curiam) (citations omitted)). Furthermore, we have reaffirmed the policy that "the decisions of the courts of appeals [should] turn on substance rather than procedural technicality." *Rodriguez*, 828 S.W.2d at 418 (quoting *Crown Life Ins. Co. v. Estate of Gonzales*, 820 S.W.2d 121 (Tex.1991) (per curiam) (citations omitted)). Here, there can be no doubt that Mueller's attempt to perfect her appeal was "bona fide" because she filed her motion for new trial (i) under the cause number contained in the judgment which granted Saravia's motion for summary judgment, 90–CI–11255, and (ii) within the 30 days prescribed by Tex.R.Civ.P. 329b(a). We hold that Mueller's motion for new trial, filed under the original cause number rather than the severed cause number, is sufficient to invoke appellate jurisdiction and avoid dismissal.

Accordingly, pursuant to Tex.R.App.P. 170, without hearing oral argument, a majority of this court grants Mueller's application for writ of error, reverses the judgment of the court of appeals, and remands

this case to that court for further proceedings consistent with this opinion.