**Thomas WINKINS, Donald E. Cave and Marcella D. Cave, Appellants,**

v.

**FRANK WINTHER INVESTMENTS, INC., Frederick Gautier and Galveston Beach Limited Partnership, Appellees.**

No. 01–92–01258–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 4, 1994.

Published in Part Pursuant
to Tex.R.App.P. 90.

Andrew J. Mytelka, John A. Buckley, Jr., Galveston, for appellants.

Douglas W. Poole, Kenneth J. Bower, David E. Cowen, Galveston, for appellees.

Before MIRABAL, COHEN and HEDGES, JJ.

**OPINION**

MIRABAL, Justice.

This is an appeal from a take-nothing summary judgment against plaintiffs in a suit alleging fraud and DTPA[1] violations.

In cross-points one through three, and in a motion to dismiss appeal for want of jurisdiction, appellees assert that this Court lacks jurisdiction because appellants failed to timely perfect their appeal.

Appellants appeal from a summary judgment signed on March 3, 1992. The summary judgment did not become final until September 18, 1992, when the trial court signed an order nonsuiting appellees' counterclaims. Having filed no motion for new trial, appellants had until October 18, 30 days from September 18, to perfect their appeal.

---

1. Tex.Bus. & Com.Code Ann. § 17 (Vernon 1987 & Supp.1994).

Appellants filed their appeal bond on November 5, 1992.[2]

On November 13, 1992, appellants filed a rule 306a motion to extend the effective date of the judgment, alleging they did not find out until November 10 that the final judgment had been signed on September 18. Appellants put on evidence that their counsel's office called the Galveston County clerk's office between October 6 and October 8 to determine if the order of nonsuit had been signed. According to the evidence, the clerk erroneously informed them that the nonsuit had been signed on October 6, rather than the correct date of September 18. Based on this erroneous information, appellants filed their cost bond on November 5, 1992, which would have been timely if the nonsuit had actually been signed on October 6. On November 10, appellants' counsel first discovered the mistake.

After the evidentiary hearing, the trial court granted appellants' motion to extend the effective date of the judgment, specifically stating on the record at the hearing that it was the trial court's finding that it was not until November 10, 1992, that appellants received actual notice that the nonsuit order had been signed on September 18, 1992.[3]

▊ The issue to be decided is whether the trial court properly construed Tex. R.Civ.P. 306a(3) and (4), and Tex.R.App.P. 5(b)(3) and (4), which read, in relevant parts, as follows:

(3) *Notice of Judgment.* When the final judgment or other appealable order is signed [in a civil case], the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed. . . .

(4) *No Notice of Judgment.* If within twenty days after the judgment or other appealable order is signed ... a party adversely affected by it or his attorney has neither received the notice required ... nor acquired actual knowledge of the order, then with regard to that party all the [appellate] periods ... shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more that ninety days after the original judgment or other appealable order was signed.

Appellants argued in the trial court that, because they did not receive notice of *the date the final judgment was signed* within 20 days after the judgment, they are entitled to the enlargement of time to file their appeal bond. Appellees counter that the rules do not require the clerk to give notice of the *date* the judgment was signed, but rather require only that notice be given of *the fact of the signing* of the judgment. Appellees point out that appellants received actual knowledge of *the fact of the signing* of the judgment within 20 days of the judgment, and therefore, they argue, appellants are not entitled to an enlargement of time to file their appeal bond.

▊ We hold that the trial court properly construed the rules to mean that the clerk is required immediately to notify the parties or their attorneys by first-class mail not only of the fact the judgment was signed, but also of the date the judgment was signed. Otherwise, counsel for the parties would not know the starting date of the appellate time tables, which is the main subject matter addressed by Tex.R.App.P. 5 and Tex.R.Civ.P. 306a.[4]

2. The appeal bond in the transcript is file stamped November 10, 1992; however, the uncontroverted evidence shows the appeal bond was deposited in the mail, properly addressed and stamped, on November 5, 1992. Therefore, it is deemed filed on November 5, 1992. Tex. R.App.P. 4(b).

3. The evidence at the hearing supports the trial court's stated finding that actual notice was received November 10. We note that the trial court's signed order recites a November 20 date,

but this is apparently a typographical error, in light of the admissions of appellants' counsel that November 10 was the relevant date, and the trial court's pronouncement from the bench. In any event, this 10 day disparity apparently makes no difference to the outcome of this case.

4. We are aware that the Corpus Christi Court of Appeals construed Tex.R.App.P. 5(b)(4) differently in a no writ case, *St. Louis Fed. S & L Assoc. v. Summerhouse Joint Venture,* 739 S.W.2d 441, 442 (Tex.App.—Corpus Christi 1987, no writ). How-

The evidence supports the trial court's finding that appellants did not receive notice or actual knowledge of the true judgment date until November 10, 1992, 53 days after the date judgment was signed. Therefore, all time periods connected with appealing from the judgment began to run from the date of November 10, 1992. Appellants' appeal bond, "prematurely" filed on November 5, 1992, was effective to perfect the appeal. Tex.R.App.P. 58(a).

We overrule appellees' crosspoints one through three. We additionally overrule appellees' motion to dismiss appeal for want of jurisdiction.

The discussion of appellants' points of error does not meet the criteria for publication, Tex.R.App.P. 90, and is thus ordered not published.

We reverse in part, and affirm in part.

ever, *Summerhouse* is distinguishable procedurally. In *Summerhouse,* the appellant filed, in the appellate court, a motion to extend time for filing the cost bond. In the present case, the appellants filed, in the trial court, a motion to extend the effective date of the judgment; appellants put on evidence in support of their motion, and obtained a ruling in their favor by the trier of fact. To the extent the language in *Summerhouse* conflicts with our opinion in the present case, we disagree with *Summerhouse.*