**KLECK MECHANICAL, INC. and Edgar R. Kleck, III, Individually, Appellants,**

v.

**PACK BROS. CONSTRUCTION CO., INC., Appellee.**

No. 04–95–00950–CV.

Court of Appeals of Texas, San Antonio.

July 31, 1996.

James M. Hughes, James M. Parker, Jr., Butler & Binion, L.L.P., San Antonio, for Appellants.

David L. Willis, Jacobs, Willis & Wilkins, L.L.P., San Antonio, for Appellee.

Before CHAPA, C.J. and HARDBERGER and GREEN, JJ.

## OPINION

PER CURIAM.

Our opinion of March 20, 1996 is withdrawn and our judgment of that date is vacated. The following opinion and judgment are substituted therefor.

The trial court signed a default judgment against appellants on August 21, 1995. Appellants filed a timely motion for new trial on August 31, 1995. The court conducted a hearing and overruled the motion by written order on November 1, 1995. Appellants' cost bond was due to be filed on November 20, 1995, but was not filed until November 22, 1995. *See* TEX.R.APP.P. 41(a)(1). A motion

for extension of time to file the cost bond was due to be filed no later than December 5, 1995, but none was filed. *See* TEX.R.APP.P. 41(a)(2).

On December 21, 1995, this court ordered appellants to show cause why the appeal should not be dismissed for lack of jurisdiction. On December 28, 1995, appellee filed a motion to dismiss due to appellants' late perfection of the appeal. On January 10, 1996, appellants responded to the show cause order. In their response, appellants asserted that the district clerk's written notice of judgment erroneously stated that the judgment was signed on August 24, 1995 rather than August 21, 1995.[1] Appellants urged that they relied on this statement in calculating their appellate due dates and that the defect in perfection "is entirely the result of a misrepresentation by the District Clerk of Bexar County." In an affidavit attached to the response, appellants' counsel not only avers that he relied on the district clerk's notice, he states that neither he nor appellants have been provided with a copy of the judgment. Appellants requested an extension of time to allow their cost bond to be filed as of the date it was received.

■ Appellants rely on *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.,* 813 S.W.2d 499 (Tex.1991), as authority for this court to extend the appellate timetable in the absence of a timely motion for extension of time. *Grand Prairie* does not support this contention. The opinion in that case specifically notes that the perfecting instrument, while defective, was timely filed. *Id.* at 499. Indeed, the holding of *Grand Prairie* is that the courts of appeals must give an appellant the opportunity to cure a defect in perfection when "the appellant *timely* files a document in a bona fide attempt to invoke the appellate court's jurisdiction." *Id.* at 500 (emphasis added).

The appellate rules clearly require that a late-filed perfecting instrument be accompanied by a motion for extension of time filed in

---

1. Although this court specifically granted leave to file a supplemental transcript containing "any document necessary to show why this appeal should not be dismissed," appellants did not supplement the record to include the district clerk's notice but merely attached an uncertified copy of that notice to their show cause response. Appellee has not challenged the accuracy of this copy and we will accept it at face value.

the appellate court within fifteen days of the last date for perfecting the appeal. Tex. R.App.P. 41(a)(2). Nothing in the rules or the caselaw authorizes this court to eliminate this requirement.

The present case is also distinguishable from *Winkins v. Frank Winther Investments, Inc.,* 881 S.W.2d 557 (Tex.App.— Houston [1st Dist.] 1994, no writ). In *Winkins,* the district clerk informed appellant that a judgment was signed on October 6, 1992 rather than the correct date of September 18, 1992. Appellant's cost bond was timely if measured from the October 6 date, but not if measured from the September 18 date. Pursuant to rule 306a of the Rules of Civil Procedure and rule 5 of the Rules of Appellate Procedure, the trial court found that appellant did not learn of the mistake until November 10, 1992, at which time he learned the true date the judgment was signed. This date was more than twenty days after the date the judgment was signed.

The court of appeals held that the rules require the clerk to immediately notify the parties "not only of the fact the judgment was signed, but also the date the judgment was signed." *Id.* at 558. Because appellant was not notified of the correct date of signing until after twenty days after the judgment was signed, the appellate timetable began to run from November 10, 1992, and appellant's cost bond was timely. *Id.* at 559.

■ In the present case, there is no showing or assertion that appellants did not acquire actual knowledge of the correct date of judgment within twenty days of the signing of that judgment (by September 11, 1995). Appellants maintained as late as January 10, 1996 that they had not been provided with a copy of the judgment, but they did not assert that they had not seen a copy of the judgment before that time. Our record reflects that appellants filed a timely motion for new trial on August 31, 1995. While the motion refers to a judgment date of August 24, 1995, it would be surprising to find that appellants had not looked at a copy of the judgment to ascertain its contents before filing their motion for new trial. If appellants examined a copy of the judgment, whether they were "provided" with a copy or not, they would be

charged with knowledge of the date on which that judgment was signed. At that point, continued reliance on the district clerk's notice would not be reasonable and would not provide any basis for extension of the appellate timetable.

Appellants did not file a timely cost bond or a timely motion for extension of time. Appellants also did not demonstrate (or even assert) that they fall within the protection offered by civil procedure rule 306a(4) and appellate rule 5(b)(4). The appeal was not timely perfected; this court lacks jurisdiction.

Appellee's motion to dismiss is granted. The appeal is dismissed.