**Gerald Matthew BOYD, Appellant,**

v.

**AMERICAN INDEMNITY COMPANY, Appellee.**

No. 05–97–00203–CV.

Court of Appeals of Texas, Dallas.

March 25, 1997.

---

Charles L. Hoedebeck, Charles L. Hoedebeck, P.C., Irving, for Appellant.

David J. Schubert, Aaron L. Mitchell, Vial Hamilton Koch & Knox, Dallas, for Appellee.

Before THOMAS, C.J., and HANKINSON and BRIDGES, JJ.

## OPINION AND ORDER

THOMAS, Chief Justice.

The final judgment in this case was signed by the trial court on October 18, 1996. A motion for new trial was timely filed on November 18, 1996. Appellant's perfecting instrument was due to be filed no later than January 16, 1997. Appellant did not file his notice of filing cash deposit in lieu of cost bond until January 27, 1997. In response to this Court's request for briefing on the issue of our jurisdiction in light of the untimely appeal bond, appellant filed a motion for extension of time to file his bond. Appellee filed a reply brief addressing the jurisdictional issue and an accompanying motion to dismiss the appeal for want of jurisdiction.

Because appellant did not file his motion for extension of time to file his appeal bond within fifteen days of the last date his bond was due to be filed, we are without authority to consider his motion. *See* TEX. R.APP.P. 41(a)(2). Accordingly, appellant's

Motion to Extend Time to File Cash Deposit in Lieu of Bond is hereby **DISMISSED**.

Furthermore, because appellant did not file either his cash deposit in lieu of bond or his motion for extension of time within the time allowed, we conclude he did not make a bona fide attempt to invoke this Court's jurisdiction. *See Verburgt v. Dorner,* 928 S.W.2d 654, 656 (Tex.App.—San Antonio 1996, writ granted) (in order to make a bona fide attempt to invoke the appellate court's jurisdiction, some instrument, whether or not correct, must be *timely* filed); *see also Kleck Mechanical, Inc. v. Pack Bros. Constr. Co.,* 930 S.W.2d 190, 191–92 (Tex.App.—San Antonio 1996, n.w.h.). Appellee's motion to dismiss appeal is **GRANTED**. This appeal is **DISMISSED** for want of jurisdiction. TEX. R.APP.P. 41(a)(1) and (2).

It is **ORDERED** that appellee, American Indemnity Company, recover its costs of this appeal from appellant Gerald Matthew Boyd and from the cash deposit in lieu of cost bond. After all costs have been paid, the clerk of the district court is directed to release the balance, if any, of the cash deposit to Charles L. Hoedebeck, PC.