11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Deborah Bynog

Appellant

Vs.                   No.
11-00-00373-CV B Appeal from Stephens County

William Prater, M.D. and 

Breckenridge Family
Clinic, P.A.

Appellees

 

The trial
court dismissed appellant=s lawsuit for want of prosecution. 
Because we hold that the trial court did not abuse its discretion when
it dismissed appellant=s
lawsuit, we affirm the order of dismissal.

Appellant
sued William Prater, M.D.; Dwight J. Nichols, M.D.; and Breckenridge Family
Clinic, P.A., for damages allegedly sustained by her in connection with medical
treatment.[1]  The trial court cause number assigned to the
lawsuit was 26,131.  Dr. Prater and Dr.
Nichols filed separate motions for summary judgment.  On October 16, 1997, the trial court granted both of the motions
and entered a take-nothing judgment on appellant=s claims against the two doctors. On November 14, 1997, appellant filed
a notice of appeal from those adverse summary rulings.  The notice of appeal was filed in Cause No.
26,131.  On November 18, 1997, the trial
court severed appellant=s claims against Dr. Prater.  On
December 3, 1997, the trial court also severed the claims against Dr.
Nichols.  The claims against the doctors
were severed into Cause No. 26,131-A. 
The claims against the Clinic remained in Cause No. 26,131. 








On May 20,
1999, in an unpublished opinion, we affirmed the summary judgment granted to
Dr. Nichols, reversed the summary judgment granted to Dr. Prater, and remanded
the claims against Dr. Prater to the trial court.  The Texas Supreme Court refused a petition for review of that
appeal, and this court=s
mandate was issued on February 4, 2000.

After
remand, Dr. Prater and the Clinic filed a motion to dismiss for want of
prosecution.   The motion to dismiss was
filed in Cause No. 26,131.   The trial
court conducted a hearing on that motion and granted it.  However, during the hearing, the trial court
noted that the motion to dismiss should actually be in Cause No. 26,131-A; and
that is the cause in which the trial court entered the order of dismissal.  On July 31, 2000, appellant filed a motion
to reinstate in which she alleged that she had not received proper notice of
the hearing on the motion to dismiss. 
The motion to reinstate was filed in Cause No. 26,131.  On that same date, appellant filed a motion
to substitute counsel in which she sought to have Michael T. Maher substituted
for James D. Norvell.  This motion was
also filed in Cause No. 26,131-A.  We
have not been able to find an express ruling on either the motion to reinstate
or the motion to substitute counsel.

Appellant
filed a notice of appeal from the order of dismissal.  The notice of appeal was again filed in Cause No. 26,131 rather
than the cause in which the order of dismissal had been entered.  Furthermore, the notice of appeal includes
not only Dr. Prater but also Dr. Nichols and the Clinic.  However, rather than dismiss this appeal for
want of jurisdiction, we will treat the notice of appeal as being proper.  See Texas Instruments, Inc. v. Teletron
Energy Management, Inc., 877 S.W.2d 276 (Tex.1994).   Furthermore, under the peculiar procedural circumstances of
these cases and in the interest of judicial economy, we will consider the
notice of appeal as being effective regarding the claims against Dr. Prater as
well as against the Clinic regardless of the cause numbers used by the
parties.  

Notwithstanding
that she filed her motion to reinstate and motion to substitute counsel in the
wrong cause number and also notwithstanding that she filed her last notice of
appeal in the wrong cause number, appellant nevertheless asserts in her first
issue on appeal that the trial court should not have granted the motion to
dismiss and that it erred Aby entering an order in one case in response to a motion made in
another.@  At
the hearing on the motion to reinstate, the trial court called Maher=s attention to the fact that the motion to
reinstate was filed in the wrong cause number. 
Maher responded to the court that:








I=m not sure what was severed from which, Your
Honor, but I do know that there is case law that says a good faith effort to
file in a case, even though it might should have been filed in a different case
number when they=ve been severed like that, should be
accepted.  I don=t have that case law with me.

 

It is clear from the actions of the parties that the purpose of the
motion to dismiss was to obtain a dismissal of appellant=s claims against Dr. Prater as well as the
Clinic regardless of the number assigned to the motion.  This would involve both cause numbers
because, at the time of the filing of the motion to dismiss, the Clinic was the
only defendant in Cause No. 26,131 and Dr. Prater was the only defendant in
Cause No. 26,131-A.  In this case, no
one would have been misled by the use of a wrong cause number.  All parties were using various cause numbers
but always referred to all of the parties who were then involved in either
cause number.  Following the guidance
given to courts of appeals by the Supreme Court of Texas, we hold that a court
of appeals should attend to substance over form. See Texas Instruments,
Incorporated v. Teletron Energy Management, Inc., supra; Mueller v. Saravia,
826 S.W.2d 608 (Tex.1992); City of San Antonio v. Rodriquez, 828 S.W.2d 417
(Tex.1992).  The trial court did not err
when it considered the motion to dismiss. 
Appellant=s first issue on appeal is overruled.

In her second issue on appeal, appellant alleges that she did not
receive proper notice of the dismissal. 
Specifically, appellant claims that, to be effective, notice had to be
given to James D. Norvell, who appellant claims was the Aattorney in charge@ at the time of the dismissal
proceedings.  Norvell=s license to practice law was suspended at
the time.  We conduct a review of a
dismissal for want of prosecution under an abuse of discretion standard.  3V, Inc. v. JTS Enterprises, Inc., 40 S.W.3d
533 (Tex.App. B Houston [14th Dist.] 2000, no pet=n).  A
trial court abuses its discretion when it acts without reference to any guiding
rules and principles.  Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238 (Tex.1985), cert. den=d, 476 U.S. 1159 (1986). 

TEX.R.CIV.P. 8 provides as follows:

On the occasion of a
party=s first appearance through counsel, the
attorney whose signature first appears on the initial pleadings for any party
shall be the attorney in charge, unless another attorney is specifically
designated therein.  Thereafter, until
such designation is changed by written notice to the court and all other
parties in accordance with Rule 21a, said attorney in charge shall be
responsible for the suit as to such party.

 








The
following appeared at the end of the initial pleading in this lawsuit:

RESPECTFULLY SUBMITTED,

 

NORVELL & ASSOCIATES

744 Hickory

Abilene, Texas 79601

(915) 676-1617

(915) 676-4421 (FAX)

 

By: (signature of
James D. Norvell)

       JAMES D. NORVELL

 

At other times during the
early history of this case, the signature line contained the signature of
attorney Tom McIlhany rather than Norvell=s signature.

Again,
after the trial court entered the summary judgments, appellant prosecuted an
appeal from those adverse judgments (the first appeal).  Maher filed the notice of appeal on November
14, 1997, and he signed it as follows:

NORVELL & ASSOCIATES

744 Hickory Street

Abilene, TX 79601

(915) 676-1617

(915) 676-4421 (Fax)

 

By: (sig) Michael T.
Maher

        MICHAEL T. MAHER

         State Bar No. 12833600

         

                                                            
ATTORNEY FOR PLAINTIFF         

 








Maher
signed various other documents which he filed in the first appeal in this court
which were executed in similar fashion, with irrelevant differences.  Those documents included a first request to
include materials in the clerk=s record, a second request to include materials in the clerk=s record, a motion to extend time to file a
brief in the court of appeals, two responses to motions to take judicial notice
in the court of appeals, a response to a motion to file the reporter=s record from the summary judgment hearing, a
motion to exclude reporter=s record from the appellate record, and many items of correspondence
with the clerk of this court.  Further,
when Maher filed the docketing statement in the first appeal, he stated that
appellant=s counsel was Michael T. Maher and gave the
same Abilene address.  In this court,
Maher checked out the record twice in the first appeal and, on each occasion,
signed the receipt as attorney of record for appellant.

Maher also
filed the brief for appellant in the first appeal.  The cover page of the brief states his name and the same Abilene
address, phone information, and State Bar Number.  It also contains the notation: ALead Counsel for Appellant.@  The brief is signed by Michael
T. Maher, Attorney for Appellant.  Page
No. 2 of appellant=s
brief in the first appeal contains the following statement:

Pursuant
to Texas Rule of Appellate Procedure 74(a), the Plaintiff, Deborah Bynog,
submits the names of the following people and entities, and represents that
these are all of the parties to the lawsuit and their attorneys in charge:

 

Deborah Bynog

P.O. Box 405

Coalgate, OK   74538

(405) 927-9917

 

Michael T. Maher

NORVELL & ASSOCIATES

744 Hickory Street

Abilene, TX  
79601

(915) 676-1617

(915) 676-4421 (Fax)

 

Two reply briefs contain
essentially the same information as on the cover page of the original brief;
the signature on each is the same as the original brief; and each states that
Maher is attorney for appellant.








After this
court issued its opinion in the first appeal, the clerk of this court mailed a
copy of the opinion and judgment to Maher, among others.  Counsel for Dr. Prater filed a petition for
review with the Texas Supreme Court. 
After the petition was filed, Maher, as attorney for appellant, notified
the court that appellant did not wish to respond to the petition.  This letter contained Maher=s Dallas address on the letterhead.  Subsequently, the Clerk of the Texas Supreme
Court notified Maher that the court wanted a response; he filed that
response.  On September 23, 1999, the
Texas Supreme Court denied Dr. Prater=s petition for review.  This
court issued its mandate on February 4, 2000.

On May 3,
2000, Dr. Prater and the Clinic filed a motion to dismiss.  The supplemental clerk=s record contains an affidavit submitted to
the trial court at the hearing on the motion to dismiss.  The supplemental clerk=s record shows that a copy of the motion to
dismiss was mailed to Maher at his Dallas address.  The Agreen
card@ showing that Maher received the copy is
attached to the affidavit.

On June
29, 2000, after a hearing, the trial court dismissed appellant=s claims against Dr. Prater and the
Clinic.  On July 31, 2000, Maher filed,
on behalf of appellant, a motion to reinstate as well as a motion to substitute
counsel.  Maher subsequently filed a
notice of appeal from the order of dismissal (the second appeal).  Again, as in the first appeal, the notice of
appeal in the second appeal names all of the original defendants; the notice of
appeal is identical to the notice of appeal in the first appeal, including the
wrong cause number.  In the brief, Maher
states that he is the lead counsel for appellant and gives his Dallas address
and phone numbers.  All documents and
correspondence in this second appeal which have been filed by appellant are
signed by Maher as appellant=s attorney and give his Dallas address.  Furthermore, he is shown on the docketing statement in the second
appeal as attorney for appellant.

We hold
that the spirit and the tenor of Rule 8 have been met in this case.  No one other than Maher filed documents or
appeared on behalf of appellant from at least November 14, 1997, to the current
time, a period of almost four years.  To
allow appellant, under this record, to successfully claim that Maher was not
her attorney of record during the period of the dismissal proceeding would be
contrary to the intent and purpose of Rule 8. 
Further, if appellant=s position were to be well taken, then Maher still is not the attorney
in charge because appellant never obtained a ruling on her motion to
substitute.  We hold that notice was
proper in this case and that Maher was the attorney in charge of appellant=s case. 
Appellant has not shown that the trial court clearly abused its
discretion.  Also, because we have held
that the notice to appellant was proper, her due process arguments under the
Federal and State Constitutions are also without merit.  Appellant=s second issue on appeal is overruled. 








Appellant=s complaints in her third, fourth, and fifth
issues on appeal relate to alleged errors of the trial court in connection with
her motion to reinstate.  At the
conclusion of the September 21, 2000, hearing on appellant=s motion to reinstate, the trial court
advised Maher that he would have a week to furnish any authority he wished to
submit in connection with the motion and that then the court would Arule on it.@  This record shows that
appellant never obtained a ruling on her motion to reinstate, but instead, on
September 27, 2000, chose to file a notice of appeal from the order of
dismissal.  Therefore, appellant has
presented nothing for review concerning the motion to reinstate.  See TEX.R.APP.P. 33.1(a)(2).  Appellant claims that she has met the
reinstatement provisions of TEX.R.CIV.P. 165a. 
Rule 165a applies to lawsuits which have been dismissed for failure to
appear for a hearing or for a trial. 
Appellant=s suit was not dismissed for failure to
appear for a hearing or for a trial; it was dismissed for failure to prosecute
her case.   Therefore, Rule 165a does
not apply.  Appellant=s third, fourth, and fifth issues on appeal
are overruled.

The
judgment of the trial court is affirmed.

 

JIM
R. WRIGHT

JUSTICE

 

October 18, 2001

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











[1]We have obtained some of the history of this case from
the clerk=s record and file in Cause No. 11-98-00009-CV, an
earlier appeal in this court.  We may
take judicial notice of our own records between the same parties involving the
same subject matter.  Hanley v. Hanley,
813 S.W.2d 511 (Tex.App. B Dallas 1991, no writ).