**Opinion issued April 9, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-10-01072-CV

———————————

## GERALD ALLEN PERRY, Appellant

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 2009-62814**

## MEMORANDUM OPINION

Gerald Allen Perry[1] sued former Harris County district judge the Honorable

---

[1]     Perry's suit was dismissed by the trial judge prior to service of citation. As a result, the defendants named in Perry's petition did not enter an appearance in this case. Moreover, Perry does not raise any issues or points of error with respect to any of the named defendants. Thus, there are no "appellees" for purposes of this appeal. *See Yilmaz v. McGregor*, 265 S.W.3d 631, 637 (Tex. App.—Houston [1st

Debbie Mantooth Stricklin and former Harris County District Attorney John B. Holmes alleging that the two conspired to deny him habeas corpus relief on the basis of his race, and, therefore, deprived him of equal protection and due process in violation of 42 U.S.C.A. § 1985(3).  The trial court dismissed Perry's lawsuit for want of prosecution due to lack of service on either defendant.  On appeal, Perry contends that (1) the trial court failed to forward him a copy of the order of dismissal as required by Texas Rule of Civil Procedure 306(a), thereby depriving him of due process, (2) the trial court abused its discretion when it denied his motion for appointment of counsel, and (3) the trial court erred in denying his motion for default judgment and dismissing his suit for want of prosecution due to lack of service.

Finding no error in the trial court's judgment, we affirm.

## Notice of Order of Dismissal

In his first point of error, Perry argues that the trial court violated his constitutional right of due process when it failed to forward him a copy of the order dismissing his lawsuit as required by Texas Rule of Civil Procedure 306(a).  The

Dist.] 2008, pet. denied) ("To be a 'party' to a lawsuit, one generally must be named in the pleadings and either be served, accept or waive service, or make an appearance. Merely being named in a petition as a defendant does not make one a 'party' to the lawsuit."); *see also Showbiz Multimedia, LLC v. Mountain States Mortg. Ctrs., Inc.*, 303 S.W.3d 769, 771 n.3 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (appellee must be party to trial court's final judgment and someone against whom appellant raises issues or points of error in appellant's brief) (citing *Gray v. Allen*, 41 S.W.3d 330, 331 n.2 (Tex. App.—Fort Worth 2001, no pet.)).

2

clerk of the trial court has the duty to give the parties or their attorneys immediate notice by first-class mail when the court signs a judgment or an appealable order. *See* TEX. R. CIV. P. 306a(3); *Hubert v. Ill. State Assistance Comm'n*, 867 S.W.2d 160, 163 (Tex. App.—Houston [14th Dist.] 1993, no writ). The clerk must give the parties notice of both the fact that the judgment was signed and the date the judgment was signed. *Winkins v. Frank Winther Invs., Inc.*, 881 S.W.2d 557, 558 (Tex. App.—Houston [1st Dist.] 1994, no writ). Because the failure to give the required notice deprives the party of its right to be heard by the court, such an omission constitutes a violation of the party's right to due process and is not merely a violation of procedural rules of practice. *See Hubert*, 867 S.W.2d at 163.

Here, Perry acknowledges that he received a postcard from the district clerk informing him that his lawsuit had been dismissed for want of prosecution on November 17, 2010. This is sufficient notice under Rule 306(a). *See Winkins*, 881 S.W.2d at 558 (stating parties or their attorneys must be informed of fact that judgment was signed and date judgment was signed). Although a copy of the postcard is not included in the record, Perry bore the burden of proof with regard to his claim of lack of notice, and under the circumstances, Perry's admission is sufficient to establish that he received proper notice of the dismissal of his lawsuit. *See Jansen v. Fitzpatrick*, 14 S.W.3d 426, 431 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (recognizing that statements in party's brief can constitute judicial

3

admissions). We conclude that the trial court clerk satisfied the requirement that notice of judgment be immediately forwarded to the parties, and therefore, we hold that Perry's due process rights were not violated.

We overrule Perry's first point of error.

**Appointment of Counsel**

In his second point of error, Perry argues that the trial court abused its discretion when it denied his motion for appointment of counsel because his case presented "exceptional circumstances." Although there is no right to counsel in civil cases, a trial court *may* nevertheless appoint counsel for an indigent party in a civil case in "exceptional circumstances" in which "the public and private interests at stake are such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Coleman v. Lynaugh*, 934 S.W.2d 837, 839 (Tex. App.—Houston [1st Dist.] 1996, no writ) (quoting *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996)); *see* TEX. GOV'T CODE ANN. § 24.016 (West 2009); *Gibson v. Tolbert*, 102 S.W.3d 710, 712–13 (Tex. 2003) (recognizing that various courts of appeals have stated that trial court has discretion to appoint counsel in civil cases in which exceptional circumstances exist, and assuming that such discretionary authority exists); *Wigfall v. Tex. Dep't of Crim. Justice*, 137 S.W.3d 268, 274 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("in 'exceptional circumstances,' a trial court could appoint

4

counsel to an indigent civil litigant"). We review the trial court's refusal to appoint trial counsel in a civil case for abuse of discretion. *Gibson*, 102 S.W.3d at 712. A trial court abuses its discretion if it acts without reference to any guiding rules or principles or its decision is arbitrary or unreasonable. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

In his motion for appointment of counsel, Perry argued that Stricklin was disqualified from presiding over his post-conviction application for writ of habeas corpus due to the fact that she was a prosecutor in the Harris County District Attorney's office at the time of his conviction, and as a result, the court lacked jurisdiction over the proceeding. According to Perry, a court acting without jurisdiction is an "exceptional circumstance" that warrants the appointment of counsel in this case. After reviewing the relevant case law, the trial court found that Perry's case was not exceptional and denied his motion. In doing so, the trial court noted that it had been unable to locate any case in which a court had found "exceptional circumstances" to exist. *See Gibson*, 102 S.W.3d at 713 (concluding that trial judge did not abuse his discretion by failing to appoint counsel and reversing court of appeals' judgment; stating "while several courts of appeals have considered whether exceptional circumstances existed in a particular case, none, until this case, have concluded that exceptional circumstances, in fact, existed. Rather, they have uniformly determined that the particular cases before them were

5

not exceptional.")  Allegations of lack of jurisdiction and judicial disqualification are not novel concepts in our criminal justice system.  While the circumstances of Perry's case may not be common, they are far from "exceptional" and we cannot say that the trial court abused its discretion when it denied Perry's motion for appointment of counsel.

We overrule Perry's second point of error.

## Default Judgment

In his third point of error, Perry argues that the trial court erred in denying his motion for default judgment and dismissing his suit for want of prosecution due to lack of service.  We review both the denial of a motion for default judgment and a dismissal for want of prosecution under the abuse-of-discretion standard. *Aguilar v. Livingston*, 154 S.W.3d 832, 833 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (denial of motion for default judgment); *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied) (dismissal for want of prosecution).  A trial court abuses its discretion if it acts without reference to any guiding rules or principles or its decision is arbitrary or unreasonable. *See Downer*, 701 S.W.2d at 241–42.

The record before us on appeal does not reflect that Holmes was ever served with citation.[2] The record, however, demonstrates that Perry attempted to serve Stricklin through Harris County judge Ed Emmett. Although a county judge is authorized to accept service on behalf of the county in a suit against the county, see TEX. CIV. PRAC. & REM. CODE ANN. § 17.024(a) (West 2008), Judge Emmett was not an agent for Stricklin and Perry's attempt to serve Stricklin via Emmett was not proper. Stricklin and Holmes were the only two defendants named in Perry's petition when the trial court denied Perry's motion for default judgment and when the trial court dismissed Perry's suit for want of prosecution due to lack of service. Although Perry contends that Harris County was also a defendant in the same suit, Harris County was not identified as a defendant in Perry's pleadings. Thus, the record contains no evidence that either of the named defendants—Stricklin and Holmes—were served with citation in this case.

We overrule Perry's third point of error.

---

[2] Perry contends that this Court previously determined that both Stricklin and Holmes were served with citation, based upon a footnote in a per curiam opinion this Court issued dismissing his petition for writ of mandamus. *See In re Perry*, 01-10-00468-CV, 2010 WL 3448228, at *1 n.2 (Tex. App.—Houston [1st Dist.] Aug. 26, 2010, orig. proceeding) (mem. op., per curiam) ("Citations have already been issued for both [Stricklin and Holmes] in the underlying suit.") First, the fact that we stated that the record in that original proceeding demonstrated that citations had been issued for both defendants does not mean that the defendants were actually served with the citations. Second, regardless of what the record in that original proceeding demonstrated, the record in this appeal does not include a citation for Holmes.

**Conclusion**

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.