ACCEPTED
04-15-00466-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/17/2015 1:51:09 PM
KEITH HOTTLE
CLERK

No. 04-15-00466-CV

**Felix Luera, Jr.** and **Bianca Luera**

V.

**Basic Energy Services, Inc.** and **Basic Energy Services, L.P.**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

9/17/2015 1:51:09 PM

KEITH E. HOTTLE
Clerk

In the Court of Appeals for the Fourth District of Texas

APPELLEES' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

TO THE HONORABLE COURT OF APPEALS:

Appellees Basic Energy Services, Inc. and Basic Energy Services, L.P. (collectively, "Basic") reply as follows to the Appellants' Response to Appellees' Motion to Dismiss.

THE JUDGMENT IN BASIC'S FAVOR AND THE SEVERANCE WERE EFFECTIVE WHEN SIGNED ON NOVEMBER 20, 2014[1]

Texas law is clear that the order of the trial court granting

---

[1] In its motion to dismiss, Basic incorrectly stated the date of the judgment and severance as November 5, 2014. November 5 was the date Basic's motion was submitted, not the date the order granting it was signed. The order was actually signed on November 20, 2014. (CR 1135-36). This difference in dates is inconsequential, however, since the Appellants' notice of appeal was still too late, even considering the correct date of the order.

summary judgment to Basic and ordering severance was effective the day it was signed. The supreme court summarized the rule this way:

> The severance order and judgment are effective immediately and the judgment final and appealable, whether or not the clerk *ever* creates a physically separate file or assigns a new number to it.

*McRoberts v. Ryals*, 863 S.W.2d 450, 453, n. 4 (Tex. 1993) (emphasis in original); *see also*, *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 93 (Tex. App.— San Antonio 2011, no pet.).

Given that established principle, it is difficult to understand the Appellants' claims that there is no evidence of a severance, or that the severance was never "effectuated," or that after the severance "the jury trial proceeded with [Basic] remaining in the original cause." (Response, p. 4.) The order of severance is in the record itself; as a matter of law, there was nothing left to do to effectuate it after the judge signed it; and there is nothing in the record to suggest that Basic participated at all in the original cause after the order of severance was signed.

**No further steps were required to effectuate the order of severance**

The Appellants' argument that there is no severance in the record apparently relies on their contention that one or more steps remained to be done after the order of severance was signed before it could become effective. But *McRoberts* , the

authorities it cited, and the many cases that have cited *McRoberts* all make it clear that the Appellants are wrong.

For example, the severance was effective without regard to whether the clerk created a new physical file or not. *McRoberts*, 863 S.W.2d at 453, n. 4. It was likewise effective without regard to whether the clerk documented the assignment of a new cause number to the severed cause. *Id.*

**The order of severance was not conditioned on a future event**

The order of severance was unconditional. The Appellants cite *Jane Doe 1 v. Pilgrim Rest Baptist Church*, 218 S.W.3d 81, 82 (Tex. 2007) for the proposition that if a court conditions a severance on a future event, such as payment of fees associated with the severance, the severance is not effective until the condition is met. That makes sense, for if the severance is still contingent on a future event it is impossible to know on the date it is signed whether the event will occur; therefore it is impossible to know that there has in fact been a severance.

But the order of severance in our case contains no conditioning language. (CR 1135-36). The order's mere pro forma instruction to the clerk to assign a new cause number is not a condition that postpones or suspends the finality of the order of severance. *Marin Real Estate Partners*, 373 S.W.3d at 93; *Castro v. Inland Sea, Inc.*, 2015 Tex. App. LEXIS 5015, *5 (Tex. App.—El Paso May 15, 2015, no pet. hist.) (mem. op.); *Zurovec v. Milner*, 1996 Tex. App. LEXIS 3224, *3 (Tex. App.—

San Antonio 1996, no pet.) (not designated for publication). In fact, a contrary conclusion would contradict the supreme court's holdings that an order of severance is effective when it is signed even if no separate cause number is ever assigned to it.

**The inclusion of Basic's name in the style of other parties' post-severance pleadings is irrelevant**

Appellants emphasize the fact that some documents filed in the original cause after the order of severance was signed retained Basic's name in the style of the case. That fact is meaningless. Basic had no control over how the other parties drafted their pleadings after the severance was granted. Their failure to revise the style of the case after the severance cannot retroactively invalidate the severance order.

**Basic did not "fail to comply" with the order of severance**

Appellants argue that the severance was not effective when it was signed because "there is no evidence that [Basic] complied with the applicable procedures for effectuating a severance" and because Basic "failed to comply with the order of severance." (Response, pp. 4, 7.) But neither the order of severance nor any rule or statute required Basic to do anything to effectuate the severance once the judge had signed the order. There was therefore nothing to comply with.

Appellants argue, for example, that Basic failed to pay any fees to the clerk, but the payment of fees is not a precondition to the effectiveness of an order of severance, either under the judge's order in this case or under applicable law. They argue

that the Appellants failed to "give notice to Appellants that a new severed cause was properly requested." The order of severance itself effected the severance; Appellants do not claim that they lacked timely notice of that order. If Appellants are claiming that Basic should have done something else to make the severance effective and then given notice to the Appellants that Basic had taken that additional step, their argument is inconsistent with *McReynolds*. The severance was effective the moment it was signed.

**The judgment of July 20, 2015 had nothing to do with Basic**

Appellants now insist that the final judgment in this cause was the judgment signed on July 20, 2015 (Response, Ex. A), and they cite language from that judgment that emphasized its finality. That judgment may well have been final as to the parties still remaining in the original cause, but Basic was not among them; the trial court's order of November 20, 2014 had seen to that. The judgment in July of 2015 thus had nothing to do with Basic.

The July 20, 2015 judgment does not grant any relief to or from Basic, and the body of the order does not even allude to Basic's existence. (Response, Ex. A). The judgment was approved as to form by the counsel for the plaintiffs and counsel for defendant Servando Garcia, but there was no blank for Basic's lawyer to sign and there is no indication that he ever even saw, let alone approved, the proposed judgment. The only place where the words "Basic Energy" can be found anywhere in

the July 2015 judgment is in the style of the case shown at the top of the document. As argued earlier, that may say something about word-processing inertia, but it says nothing to suggest that the trial court had not meant what it had said in the November 20, 2014 severance order.

## APPELLANTS HAVE MADE NO TIMELY BONA FIDE ATTEMPT TO INVOKE THE COURT'S APPELLATE JURISDICTION

Appellants argue that their notice of appeal was a bona fide attempt to invoke the Court's appellate jurisdiction and that they have therefore perfected their appeal, citing *Grand Prairie Independent School Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex. 1991). The Court held in *Grand Prairie* that if an appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals must permit amendment if the document is deficient. The key word is *timely*.

Basic's motion to dismiss does not assert that Appellants' notice of appeal was deficient in form or content or that it was filed under the wrong cause number. Appellees' complaint is that it was untimely. Their notice of appeal, filed some eight months after the order of severance was signed, may have been bona fide but it came far too late. It was therefore insufficient. *Kleck Mech. v. Pack Bros. Constr. Co.,* 930 S.W.2d 190, 191 (Tex. App.—San Antonio 1996, no writ) (per curiam).

The Appellants say this objection is a mere technicality, and they cite several cases that recognized the validity of a

motion for new trial filed in a severed cause despite the motion's having been filed under the wrong cause number. But timeliness was not an issue in any of the cases cited by the Appellants; the issue in each case was whether the filing of the motion for new trial under an incorrect cause number was sufficient to extend appellate deadlines. In each case, the court ruled that it was, but in none did the court rule that an *untimely* motion for new trial was sufficient. Thus, none of those cases supports the Appellants' claim.

For example, Appellants interpret *McRoberts* to support their position. The opposite is true. *McRoberts* was an appeal from a summary judgment denying a bill of review. The court of appeals had ruled that the plaintiff's attorney in the underlying lawsuit had been negligent[2] as a matter of law in failing to perfect an appeal because he had filed a motion for new trial under the wrong cause number after an order of severance and thus had failed to extend appellate deadlines. Significantly, the motion for new trial had been filed within 30 days after the order of severance. *McRoberts*, 863 S.W.2d at 451.

In reversing the court of appeals, the supreme court reaffirmed the principle that a severance is effective from the moment it is signed. *McRoberts*, 863 S.W.2d at 453. Turning to the question whether the motion for new trial filed under the wrong cause number was effective to extend appellate

---

[2]The lawyer's negligence was at issue because absence of negligence is an element to be proven in a bill of review.

deadlines, the Court noted that at the time the motion was due the clerk had not yet assigned a new cause number to the severed cause. Thus, the Court reasoned, it would have been impossible for the lawyer to timely file the motion for new trial under the new cause number, and therefore it could not be said as a matter of law that the lawyer had been negligent when he filed it under the original cause number.

That aspect of the Court's holding in *McReynolds* might support the Appellants *if* they had filed a notice of appeal under the original cause number within 30 days after the severance *and* if Basic were merely arguing that their notice was insufficient because it was filed under the wrong cause number. But the Appellants did not do that, and Basic is not making that argument. Regardless of what cause number the notice of appeal was filed under, it came far too late.

The Appellants also cite *Mueller v. Saravia*, 826 S.W.2d 608, 609 (Tex. 1992), another wrong-number case. There, the trial court granted a take-nothing judgment in favor of Saravia and ordered a severance. A new cause number was assigned, and within a matter of days the court also granted judgment in favor of the remaining defendant. Within 30 days[3] after the judgment in Saravia's favor, the plaintiff filed a motion for new trial under the original cause number, seeking a new trial in both causes.

---

[3] The judgment in Saravia's favor had been granted on February 11, and the motion for new trial was filed on March 7. 826 S.W.2d at 609.

The appellate court dismissed the appeal on the ground that the motion for new trial had been filed under the wrong cause number. The supreme court reversed, holding that the motion for new trial was a bona fide attempt to invoke appellate jurisdiction, since it was filed: (i) under the original cause number in which the judgment was signed; and (ii) *within 30 days after the judgment was signed.* 826 S.W.2d at 609. It is this second requirement—timeliness—that Appellants did not satisfy in our case and on which Basic relies for its motion to dismiss.

The other case cited by the Appellants along these lines, *Southland Paint Co. v. Thousand Oaks Racket Club*, 687 S.W.2d 455, 456 (Tex. App.—San Antonio 1985, no writ) (per curiam), also presented the issue whether a motion for new trial filed under the wrong cause number after a severance was sufficient to extend appellate deadlines. The appellee in *Southland Paint* was not seeking dismissal of the appeal on the ground that the motion for new trial had been untimely filed.[4] It was merely arguing that the motion was ineffective because it was filed under the wrong cause number. The court rejected that argument.

Appellants can find no more support in *Southland Paint* than they can in *McReynolds* and *Mueller*, because the issue in

---

[4] The court's opinion does not reveal when the severance order was signed or when the motion for new trial was filed, but the opinion does not suggest that there was ever any argument about the timeliness of the motion.

our case is the timeliness of the notice of appeal, not whether it was filed under the correct cause number.

Appellants cite language from *Mueller* and *Southland Paint* to the effect that an appellant should not be penalized for failing to comply with an order of severance that the court and the opposing party ignored. *Mueller*, 826 S.W.2d at 609; *Southland Paint*, 687 S.W.2d at 457. But those statements must be read in the context of the issue those courts were addressing. Each case dealt with a timely motion for new trial filed under the wrong cause number, and the only aspect of the severance that was arguably ignored was the cause number, not the date. Neither case held that further action was needed to "effectuate" an order of severance after it was signed or that an appellant could wait eight months after a severance before filing a notice of appeal.

But in any event, neither Basic nor the trial court ignored the order of severance in this case. After ordering severance, the trial court took no further action relating to the severed cause because none was required. The original action proceeded to trial among the remaining parties and the trial court signed a judgment as to those parties on July 20, 2015.

Basic did not ignore the order of severance, either. Basic had no reason to take any further action after the severance was signed because there was none to take. Once its motion for summary judgment was granted and the claims against it severed, there was nothing left to do but wait. After the expiration of thirty days without the filing of a notice of appeal

or post-trial motion, the judgment in Basic's favor became final in all respects. As far as Basic was concerned at that point, the case was closed.

## Appellants could have filed a timely motion for new trial

Appellants argue that the clerk's failure to assign a new cause number made it impossible for them to file a motion for new trial. (Response, p. 5). They are wrong on both the law and the facts.

They are wrong on the law, because under the cases cited by Appellants themselves, a *timely* motion for new trial filed in the original cause number would have been effective to extend appellate deadlines. And they are wrong on the facts, too, because the absence of a new cause number did not truly deter the Appellants from filing a motion for new trial. They filed their notice of appeal under the original cause number (before the May 20, 2015 judgment that they now seek to characterize as the final judgment), and they could just as easily have filed a timely motion for new trial under that cause number. The absence of a new cause number for the severed cause no more deterred them from taking one action than the other.

### APPELLANTS' CONDUCT IS INCONSISTENT WITH THEIR ARGUMENTS

Appellants' conduct is inconsistent with their arguments in other ways. Appellants argue that the judgment signed on July 20, 2015 was "the" final judgment. They imply that they had no reason to take any earlier action to challenge the

November 20, 2014 judgment because they relied on the absence of a separate cause number for their belief that the 2014 judgment was only interlocutory and not yet appealable.

Aside from the law's being against them on that point, their own conduct is, too. The Appellants were not waiting on the July 20, 2015 judgment to be signed so that they could appeal the judgment that had been granted in Basic's favor the previous year, and they were not misled by the absence of a separate cause number. They filed their notice of appeal in this case under the original cause number *before* the July 20, 2015 judgment was signed. (Response, p. 2). Not only that, their notice of appeal specifically identified the November 20, 2014[5] judgment as the judgment they were appealing from. (CR 1137).

Their notice of appeal was filed far too late, of course, but the fact that they filed it before the July 20, 2015 judgment is inconsistent with their claim now that they were waiting for the July 20, 2015 judgment before invoking their right to appeal.

CONCLUSION AND PRAYER

Since the Appellants failed to file a notice of appeal within 30 days after the severed take-nothing judgment in favor of Basic, they have not perfected their appeal. The Court lacks jurisdiction over this appeal and should therefore dismiss it.

---

[5] Actually, the notice of appeal referred to the date of the order as November 5, 2014 instead of November 20, 2014, which was the date the order was actually signed, as Basic pointed out pointed out above. The discrepancy is inconsequential.

WHEREFORE, Appellees request that the Court dismiss this appeal.

Respectfully submitted,

/s/ *Ken Fields*

Ken Fields
Texas State Bar No. 06975350
kfields@mcv-law.com

McKIBBEN & VILLARREAL, L.L.P.
1100 Tower II
555 N. Carancahua
Corpus Christi, Texas 78401-0841
361-882-6611
361-883-8353 (telefax)

**Attorneys for Appellees**
**Basic Energy Services, Inc.**
**and Basic Energy Services,**
**L.P.**

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument was served on the other counsel of record, in the manner indicated below, on September 17, 2015.

/s/ *Ken Fields*
Ken Fields

*By e-filing and telefax,* (361) 985-0601:

Mr. Russell W. Endsley
THE LAW OFFICES OF THOMAS J. HENRY

521 Starr Street
Corpus Christi, Texas 78401
   *Attorney for Appellants*


*By e-filing and telefax,* 210-979-7810:

Ricardo R. Reyna
Brock Person Guerra Reyna, P.C.
17339 Redland Road
San Antonio, Texas 78247
   *Co- counsel on appeal for Appellees*