J. David BLANKENSHIP, II, Petitioner,

v.

Ronald A. ROBINS, Respondent.

No. 94–0349.

Supreme Court of Texas.

June 15, 1994.

Michael Duncan and Raymond L. Britton, Houston, for petitioner.

E. Lawrence Vincent, Houston, for respondent.

PER CURIAM.

The sole issue in this case is whether the court of appeals properly dismissed the appeal for lack of jurisdiction. Without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands for further proceedings. *See* Tex.R.App.P. 170.

Ronald Robins sued J. David Blankenship II and two other defendants to recover the unpaid balance on two promissory notes. The trial court granted summary judgment against Blankenship and, to finalize the judgment for purposes of appeal, severed the judgment from the claims against the remaining defendants. The trial court's order stated that the remaining defendants would be assigned a new cause number, leaving the summary judgment against Blankenship under the original cause number. The abstract of judgment issued by the clerk, however, stated the opposite—that the remaining defendants would continue under the original cause number while the summary judgment was given a new cause number.[1]

The trial court and both parties acted in accordance with the abstract of judgment rather than the court's order. Blankenship filed a timely motion for new trial and Robins filed his reply, both under the severed cause number rather than the original one. The motion for new trial was overruled by operation of law and was docketed by the court as such under the severed cause number as well. Blankenship then filed his appeal bond and transcript under the severed cause number, timely assuming he had filed a motion for new trial. The court of appeals, however, dismissed for lack of jurisdiction because the motion for new trial and appeal bond were not filed in the same cause as the judgment

---

1. The confusion which ultimately led to the court of appeals' dismissal apparently arose because of the trial court's unusual method of severance in this case. Ordinarily, the judgment is severed in order to make it final and then given a new cause number, leaving the remaining parties under the original cause number, just as indicated in the clerk's abstract of judgment.

the motion assails. *See Philbrook v. Berry*, 683 S.W.2d 378, 379 (Tex.1985).

"[A] party should not be punished 'for failure to comply with the terms of an order of severance ignored by [both the opposing party] and the court.'" *Mueller v. Saravia*, 826 S.W.2d 608, 609 (Tex.1992), *quoting Southland Paint Co., Inc. v. Thousand Oaks Racket Club*, 687 S.W.2d 455, 457 (Tex. App.—San Antonio 1985, no writ). Instead, "the decisions of the courts of appeals [should] turn on substance rather than procedural technicality." *City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex.1992), *quoted in Mueller*, 826 S.W.2d at 609; *see also Crown Life Ins. Co. v. Estate of Gonzales*, 820 S.W.2d 121 (Tex.1991). Furthermore, Blankenship's actions, in accordance with the abstract, constituted "a bona fide attempt to invoke the appellate court jurisdiction." *Mueller*, 826 S.W.2d at 609; *see also City of San Antonio*, 828 S.W.2d at 418; *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports*, 813 S.W.2d 499, 500 (Tex. 1991).

For these reasons, the court of appeals improperly dismissed for lack of jurisdiction. We reverse the judgement of the court of appeals and remand for further proceedings.