# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00716-CV

**Roy Blizzard and Donna Blizzard, Appellants**

**v.**

**Select Portfolio Servicing f/k/a Fairbanks Capital and
Manufacturers and Traders Trust Company, Appellees**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
### NO. 12-1132-C277, HONORABLE KEN ANDERSON, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

Appellants Roy Blizzard and Donna Blizzard seek to appeal a final summary judgment that was signed on August 21, 2013. After we sent notice to appellants that their notice of appeal, filed on October 28, 2013, appeared to be untimely, appellants failed to provide the Court with any substantive response. Accordingly, based on the record before us, we dismissed the cause for want of jurisdiction. *Blizzard v. Select Portfolio Servicing,* No. 03-13-00716-CV, 2014 Tex. App. LEXIS 399, at *1-2 (Tex. App.—Austin Jan. 14, 2014, no pet. h.) (mem. op.); *see also* Tex. R. App. P. 42.3 (generally, appeal is perfected when notice of appeal is filed within thirty days of date judgment is signed).

Appellants have now filed a motion for rehearing asking that we reinstate the appeal on the ground that they had timely filed motion for new trial in the trial court and, consequently, extended their appellate deadline. Tex. R. App. P. 26.1 (when motion for new trial or other post-

judgment motion under Rule 26.1(a) is timely filed, notice of appeal must be filed within ninety days after judgment is signed).  In response, appellees point out that the trial court, in its order granting summary judgment, severed the judgment from the appellants' claims against the remaining defendants and assigned these claims to a new cause number, 13-0863-C277.  Because appellants erroneously filed their motion for new trial in this new cause number, appellees argue that the appellants' motion for new trial is ineffective for purposes of extending their deadline to file a notice of appeal in the original cause number, 12-1132-C277.

Because appellants' motion for new trial, even if filed in the wrong cause number, constitutes "a bona fide attempt to invoke the appellate court jurisdiction," we conclude that it extended the appellants' deadline to file their notice of appeal.  *See Blankenship v. Robins*, 878 S.W.2d 138, 139 (Tex. 1994) (per curiam) (citing *Mueller v. Saravia*, 826 S.W.2d 608, 609 (Tex. 1992) (per curiam)) (where there was confusion as to parties and claims severed, motion for new trial filed in wrong cause number following severance did not defeat jurisdiction); *see also San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992) (per curiam) (notation of wrong cause number on notice of appeal did not defeat jurisdiction).  Consequently, we conclude that appellants' notice of appeal was timely.

For this reason, we grant appellants' motion for rehearing, withdraw our opinion and judgment dated January 15, 2014, and reinstate this appeal.  In addition, we order appellants to file their appellate brief on or before June 13, 2014.

It is ordered May 13, 2014.


Before Justices Puryear, Goodwin, and Field

2