# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00534-CV

**Dan Levin, Appellant**

**v.**

**Eduardo S. Espinosa, in his Capacity as Receiver of Retirement Value, LLC, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-GN-14-001587, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On December 10, 2013, the trial court signed an order granting appellee Eduardo S. Espinosa's motion for partial summary judgment against appellant Dan Levin and others in trial court cause number D-1-GV-10-000454. On May 28, 2014, the court signed (1) an order severing Espinosa's claims against Levin into new cause number D-1-GN-14-001587 and (2) a final judgment against Levin in the severed cause number. Thirty days later, on June 27, Levin electronically filed a motion for new trial in the original cause number. On July 1, the trial court clerk's office rejected the motion because it was not filed in the correct cause number, and that same date, Levin filed a new motion for new trial under the new cause number. On August 26, Levin filed a notice of appeal, relying on the June 27 motion for new trial to extend the time to file the notice of appeal from thirty to ninety days. *See* Tex. R. App. P. 26.1(a). Espinosa has filed a motion to dismiss the appeal, arguing that the misfiled motion for new trial did not extend Levin's appellate deadlines. The only

question to be answered is whether the June 27 motion for new trial, filed in the wrong cause number, acted to extend the time to file a notice of appeal in the new, severed cause. We hold that it did not and dismiss the appeal for want of jurisdiction.

A notice of appeal must be filed within thirty days of the trial court's judgment unless a party timely files a motion for new trial, in which case the deadline is extended to ninety days.[1] *Id.* If a notice of appeal is not timely filed, we may not exercise jurisdiction over the attempted appeal. *See Texas Emp'rs Ins. Ass'n v. Martin*, 347 S.W.2d 916, 917 (Tex. 1961) (because appeal was not perfected within thirty days of judgment, court of appeals "did not acquire jurisdiction"); *Plaza Motors, Inc. v. Bergstrom*, No. 03-08-00295-CV, slip op. at 2 (Tex. App.—Austin Aug. 7, 2008, no pet.) (mem. op.) (because notice of appeal was late, court was "without jurisdiction to consider the appeal").

In *Philbrook v. Berry*, the supreme court was presented with facts similar to those in this case: Philbrook sued several parties and, when one defendant failed to file a timely answer, obtained a severance of his claims against that defendant and a default judgment in the severed cause. 683 S.W.2d 378, 379 (Tex. 1985). The defendant filed a motion for new trial in the original cause number, which the trial court granted, and the supreme court held that the trial court lost plenary power to grant the motion for new trial because the motion was filed in the wrong cause number. *Id*. In making this decision, the court said that to extend a trial court's plenary power, "[i]n

---

[1] Rule 26.3 provides for a fifteen-day extension of time provided that the appellant files a motion for extension of time complying with rule 10.5(b), *see* Tex. R. App. P. 26.3; *see also* Tex. R. App. P. 10.5(b), and a civil appeal filed within that fifteen-day window carries with it an implied motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

addition to being filed timely, the motion for new trial must be filed in the same cause as the judgment the motion assails." *Id*.

Despite that explicit statement of the law and the clarity of the appellate rules governing when and how an appeal must be perfected, several decisions issued between 1992 and 1994 have muddied the waters in this area, starting with *Mueller v. Saravia*, 826 S.W.2d 608 (Tex. 1992). In that case, the trial court rendered a take-nothing judgment against Mueller and then severed her claims against Saravia into a new cause number. *Id*. at 609. Mueller filed a timely motion for new trial in the original cause number seeking new trial in both causes and successfully sought re-consolidation of the causes. *Id.* The supreme court held that, despite being filed in the original cause number, the motion for new trial extended Mueller's appellate deadline in the severed cause because *Philbrook* required only that the motion for new trial be filed in the same cause as the judgment being assailed. *Id.* The court also noted that the severed cause number was nowhere to be found in the clerk's record and that the parties and the trial court had proceeded as if the severance had not happened, concluding that Mueller should not be punished for failing to comply with a severance order ignored by both parties and the trial court. *Id.*

In *City of San Antonio v. Rodriguez*, the supreme court held that a timely notice of appeal filed under an erroneous cause number was sufficient to invoke appellate jurisdiction. 828 S.W.2d 417, 418 (Tex. 1992). In that case, the style of the case did not match the style of the incorrect cause number, and the court distinguished the facts from *Philbrook*, in which the styles associated with both cause numbers were identical. *Id.* The court stated that there was no confusion as to what the City intended to appeal and that the notice of appeal was a "'bona fide attempt to invoke appellate court jurisdiction'" because it complied with the appellate rules in all respects

3

other than the erroneous cause number. *Id.* (quoting *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex. 1991)).

In *McRoberts v. Ryals*, the trial court signed a judgment that included a severance order, but the trial court clerk did not assign a new cause number to the severed action until two months later, and in the meantime, McRoberts filed a motion for new trial in the original cause number. 863 S.W.2d 450, 451 (Tex. 1993). About two weeks after the new number was assigned, McRoberts perfected his appeal under the original cause number. *Id.* The supreme court observed that because McRoberts could not be expected to file his motion for new trial under a nonexistent cause number, his motion operated to extend his time to appeal. *Id.* at 454-55. It further held that McRoberts's attempt to appeal, filed in the original cause, was proper because the judgment he sought to appeal was under the original cause number, noting that notice of the new cause number was not provided to the parties when it was finally assigned. *Id.*

Finally, in *Blankenship v. Robins*, the trial court rendered summary judgment against Blankenship and ordered that all remaining claims should be severed into a new cause number. 878 S.W.2d 138, 138 (Tex. 1994). However, the trial court clerk instead assigned a new cause number to the summary judgment, leaving the remaining claims in the original cause. *Id.* The trial court and parties then proceeded in accordance with the clerk's actions, with Blankenship filing a timely motion for new trial and appeal bond in the severed cause. *Id.* The supreme court held that Blankenship should not be punished for not complying with a severance order that was also ignored by Robins and the trial court and that Blankenship's filings in conformity with the clerk's actions were a bona fide attempt to invoke appellate jurisdiction. *Id.* at 139.

4

Although some of those four cases include language along the lines of "[a]ssuming that *Philbrook* was correctly decided," the supreme court has not expressly invalidated the law as set out in *Philbrook*. Instead, it has distinguished *Philbrook*, leaving it as valid law at the same time as casting doubt as to its viability. This has led to confusion in the courts of appeals. *See, e.g.*, *Leal v. City of Rosenberg*, 17 S.W.3d 385, 386 (Tex. App.—Amarillo 2000, order) (holding that timely motion for new trial filed under original cause number extended time to file notice of appeal in severed cause and stating, "While *Philbrook* does support the City's contention [that the motion did not extend appellate deadline], the Texas Supreme Court has all but expressly overruled the decision." (citing *Blankenship*, 878 S.W.2d at 138-39; *Rodriguez*, 828 S.W.2d at 418; *Mueller*, 826 S.W.2d at 609)); *Garza v. CMH Homes, Inc.*, No. 04-01-00845-CV, 2002 WL 31465810, at *2 & n.1 (Tex. App.—San Antonio Nov. 6, 2002, no pet.) (not designated for publication) (relying on *Philbrook* for proposition that motion for new trial filed in original cause number does not extend trial court's plenary power in severed cause).

This issue has been further confused by language that seems to equate a motion for new trial with a notice of appeal, stating that a motion for new trial can be considered a "bona fide attempt to invoke appellate jurisdiction." *See Mueller*, 826 S.W.2d at 609 ("Mueller's motion for new trial, filed under the original cause number rather than the severed cause number, is sufficient to invoke appellate jurisdiction"); *Jones v. Tummel*, No. 13-13-00668-CV, 2014 WL 2937011, at *2 (Tex. App.—Corpus Christi June 26, 2014, no pet.) (mem. op.) ("the motions for new trial [filed under original cause number] were bona fide attempts to invoke appellate jurisdiction"); *Leal*, 17 S.W.3d at 386 ("courts now hold that filing a timely motion for new trial under the wrong cause

5

number or in the wrong case evinces a bona fide attempt to invoke appellate jurisdiction"); *Matlock v. McCormick*, 948 S.W.2d 308, 310 (Tex. App.—San Antonio 1997, no writ) (considering whether "motion for new trial failed to invoke appellate court's jurisdiction" and holding that motion filed in original cause extended appellate deadline). However, the supreme court has clarified that a motion for new trial "is not an instrument that may be considered a bona fide attempt to invoke the appellate court's jurisdiction." *In re K.A.F.*, 160 S.W.3d 923, 928 (Tex. 2005); *see also In re J.M.*, 396 S.W.3d 528, 530-31(Tex. 2013) (motion for new trial that does not address appellate court does not qualify as a substitute for a notice of appeal, but combined motion for new trial and notice of appeal may).

Although we are to construe the rules liberally to preserve the right to appeal, *see Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997), we must also impose them reasonably and with consistency. The rules clearly state the deadlines for filing a notice of appeal, *see* Tex. R. App. P. 26.1, and the supreme court has explicitly stated that a motion for new trial is not a bona fide attempt to invoke appellate jurisdiction, *see K.A.F.*, 160 S.W.3d at 928. Furthermore, this is not a case in which the parties and trial court proceeded as if the severance had not happened. *See Blankenship*, 878 S.W.2d at 138; *McRoberts*, 863 S.W.2d at 451; *Mueller*, 826 S.W.2d at 609. Instead, very shortly after Levin filed his first motion for new trial, the trial court clerk's office notified him that it had been misfiled, and he responded by refiling it under the correct, severed cause number. At that time, Levin was still within the fifteen day window for obtaining an extension of time to file his notice of appeal. *See* Tex. R. App. P. 26.3. However, rather than filing his notice of appeal at that time, he waited until the ninetieth day to attempt to perfect his appeal.

6

We hold that the misfiled motion for new trial, which did not operate to extend the trial court's plenary power over the severed cause number, *see Garza*, 2002 WL 31465810, at \*2 & n.1, likewise did not extend the deadline for filing an appeal from the judgment entered in the severed cause. We therefore dismiss the appeal for want of jurisdiction.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field
  Justice Field joining majority and concurring with opinion
  Justice Pemberton joining majority and concurrence

Dismissed for Want of Jurisdiction

Filed: February 13, 2015

7