

# Fourth Court of Appeals
## San Antonio, Texas

March 19, 2015

No. 04-15-00074-CV

Stacey **SCOTT**,
Appellant

v.

Larry **FURROW** and Keller Williams Legacy Group,
Appellees

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 13-1125-CV
Honorable W.C. Kirkendall, Judge Presiding

## O R D E R

The clerk's record of trial court cause number (13-1125-CV) has been filed and reflects that Appellant Stacey Scott, who is pro se, sued Keller Williams Legacy Group, Larry Furrow, Juanita Denn, D.R. Barr, Patrick Denn, Robert Ritter, and Carol Matthews. Evidently, Larry Furrow and Keller Williams Legacy then moved for summary judgment. While this motion is not contained in the clerk's record, the clerk's record does contain an order by the trial court, signed on November 13, 2014, granting their motion for summary judgment and severing "all causes of action brought by [Scott] against Larry Furrow and/or Keller Williams Legacy Group."

On December 12, 2014, Scott filed a motion for new trial as to Keller Williams Legacy Group and Larry Furrow's summary judgment, arguing that the trial court should "set aside the Judgment rendered against her on November 13, 2014, and grant her a new trial in this matter." Scott did not file this motion in the severed cause (13-1125-CV-A), but filed it in the original cause number (13-1125-CV). On February 11, 2015, Scott then filed a notice of appeal in the original cause number (13-1125-CV), stating that she would like to appeal from the judgment signed November 13, 2014 (i.e. the judgment that severed her claims against in Keller Williams Legacy Group and Larry Furrow), and "a subsequent adverse interlocutory ruling that merged into the judgment by reference." It is unclear from the clerk's record what subsequent adverse interlocutory ruling to which Scott is referring. A letter filed in this court by Keller Williams Legacy Group and Larry Furrow clears up this reference. The letter argues that Scott's notice of appeal is ineffective to perfect an appeal. Attached to the letter is a Final Judgment from the severed cause of action, 13-1125-CV-A, which incorporates the earlier granted summary

judgment in favor of Keller Williams Legacy Group and Larry Furrow and awards them over $70,000 on their counter-claims against Scott for reasonable and necessary attorney's fees.

We first note that we have jurisdiction over Scott's appeal. *See In re J.M.*, 396 S.W.3d 528, 530 (Tex. 2013) ("[T]his Court has consistently held that a timely filed document, even if defective, invokes the court of appeals' jurisdiction."). Although the notice of appeal filed on February 11, 2015 was prematurely filed and filed in the original cause number instead of the severed cause number, it was sufficient to confer jurisdiction. The Texas Supreme Court has emphasized that appellate courts should always "treat[] minor procedural mishaps with leniency, preserving the right to appeal" and "should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal." *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 665 (Tex. 2011) (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997)). Thus, the supreme court has held that prematurely filed notices of appeal are deemed timely filed on the date the judgment or order is signed. *In re J.M.*, 396 S.W.3d at 530. Further, if, as in this case, the notice of appeal has the wrong cause number (the original cause number instead of a severed cause number), the appellant may amend the notice of appeal to correct the error. *See Blankenship v. Robins*, 878 S.W.2d 138, 138-39 (Tex. 1994); *City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992).

It is clear from Scott's notice of appeal that she intends to appeal from the summary judgment granted in favor of Keller Williams Legacy Group and Larry Furrow. *See In re J.M.*, 396 S.W.3d at 530 (explaining that be primary factor determining whether jurisdiction has been conferred on the appellate court is whether the notice of appeal was a bona fide attempt to invoke the appellate court's jurisdiction). Scott's notice of appeal also mentions a subsequent ruling, which is the award of attorney's fees in favor of Keller Williams Legacy Group and Larry Furrow. However, her notice of appeal does not reflect the correct cause number or the date of the final judgment. We ORDER Scott to file an amended notice of appeal on or before **March 30, 2015**. *See* TEX. R. APP. P. 25.1(g). Her amended notice of appeal must (1) identify the trial court and state the *case's trial court number and style* (i.e. the severed cause number relating to the appeal at issue and not the original cause number); (2) state *the date of the judgment or order appealed from*; (3) state that appellant desires to appeal; (4) state the court to which the appeal is taken; and (5) state the name of the party filing the notice. *See* TEX. R. APP. P. 25.1(d). If appellant does not file the amended notice of appeal by the date ordered, this appeal will be dismissed. *See* TEX. R. APP. P. 42.3(a), (c).

While the clerk's record from the original cause number has been filed; the clerk's record from the severed cause number has not. We ORDER the trial court clerk to file on or before **April 8, 2015** a supplemental clerk's record relating to trial court cause number 13-1125-CV-A. Further, the pleadings relating to Larry Furrow and Keller Williams Legacy Group's motion for summary judgment are not contained within the clerk's record already filed. Thus, the trial court clerk should file a supplemental clerk's record that includes the motion for summary judgment, Scott's response, and any other pleadings related to the summary judgment.

Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 19th day of March, 2015.

Keith E. Hottle
Clerk of Court

