ACCEPTED
04-15-00676-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
12/30/2015 3:11:37 PM
KEITH HOTTLE
CLERK

Case No. 04-15-00676-CV

IN TH FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
12/30/15 3:11:37 PM
KEITH E. HOTTLE
Clerk

JOSE GEORGE, MATILDE D. GEORGE, AND ELAINE GEORGE, Appellants

v.

COMPASS BANK, Appellee

---

## RESPONSE TO COMPASS BANK'S MOTION TO DISMISS

---

TO THE HONORABLE FOURTH COURT OF APPEALS:

Jose George, Matilde D. George, and Elaine George respond to Compass Bank's Motion to Dismiss for Lack of Jurisdiction and in support will show the following:

Because the Clerk's Record has not been filed, this response is supported by an appendix filed together with this response. The items contained in the appendix are authenticated by the Declaration of Alberto Alarcon, which is contained in the appendix as item no. 19.

## FACTS

Plaintiff, Jose George, filed suit in Webb County against his son Jose Alberto George (Alberto) and his wife, Fanny Fernandez, for misappropriation of more than $500,000.00 entrusted to Alberto for the benefit of his father. *See Plaintiff's Original Petition, Appendix 1.* Shortly thereafter, Jose George nonsuited his claims against Fanny

1

Fernandez. *See Notice of Nonsuit, Appendix 1A.* Alberto filed a third party petition against Compass Bank and Citibank claiming that some transfers made from Alberto's accounts at Compass Bank ($25,000.00) and Citibank ($60,000.00) to father were unauthorized. *See Defendant Jose Alberto George's Original Answer, Jury Demand, Request of Disclosure, Counterclaim, and Cross-Claims, Appendix 2.* On motions to transfer venue, filed by third-party defendants Citibank and Compass Bank, the entire case was transferred from Webb County to Bexar County. *See Order Transferring Venue, Appendix 3.*

From the onset of the litigation, Compass Bank froze two accounts belonging to Matilde George and two accounts belonging to Elaine George, wife and daughter of Jose George. *See affidavit of Alberto Alarcon and demand letter sent by Alberto Alarcon to Compass Bank on February 5, 2014, with attachments which are the demands for payment signed by Elain George and Matilde George, Appendix 4.* Strangely, Compass Bank sought permission to interplead the accounts maintained at Compass Bank by Matilde George and Elaine George without unconditionally tendering the funds to the trial court. *See Compass Bank's Motion to Approve Interpleader, Appendix 5.* Matilde George held $528,422.36 and Elaine George held $282,038.58 in the accounts. *Id.* Compass Bank also froze two smaller accounts belonging to Jose George, totaling $6,534.95, and also sought permission to interplead these funds as well, without unconditionally tendering them to the trial court. *Id.* Compass Bank sought attorney's fees for *interpleading* the funds. *Id.* Compass Bank also made an unintelligible breach of contract claim against father. *See*

*Compass Bank's Motion for Summary Judgment, Appendix 6.* Early on in the case, the trial court denied Compass Bank's request for permission to interplead their account. *Docket Sheet, Appendix 7.* Since Compass Bank still refused to pay on the accounts, Jose George, wife, and daughter made claims against Compass Bank seeking the payment of their accounts. *See First Amended Answer and Counterclaim of Jose George, Matilde D. George, and Elaine George, Appendix 8.*

Father nonsuited the claims against son and son nonsuited the claims against Compass Bank, Citibank, and father. *See Notices of Nonsuit, Appendix 9 and 10.* Nonetheless, Compass Bank proceeded to seek and obtain a take nothing summary judgment on the claims of son against Compass Bank and for attorney's fees against son of $100,836.55. *See Motion for (Second) Partial Summary Judgment and Order granting same, Appendix 11 and 12.* This summary judgment also had the effect of disposing the claims against the father to the extent son alleged the transfers were unauthorized. *Id.* The summary judgment in favor of Compass Bank and against son was severed from any other claims and parties. *See Order of Severance, Appendix 13.* At that point, the only remaining parties and claims were those where Compass Bank persisted, despite being denied earlier, to seek permission to interplead the accounts of Alberto's parents and sister, the vague claim against father for breach of contract and parents' and daughter's claim for payment of their accounts. *See First Amended Answer and Counterclaim of Jose George, Matilde D. George, and Elaine George, Appendix 8.*

Compass Bank filed a second motion to allow interpleader. *See Motion to Allow Interpleader (Second), Appendix 14.* On July 30, 2015, the Court allowed Compass Bank to interplead the funds in the accounts of father, wife and daughter, but allowed Compass Bank to retain $100,836.55 (the exact amount, to the penny, awarded in attorneys' fees against son) as reasonable attorneys' fees. *See Order Allowing the Interpleader, Appendix 15.* Significantly, the Court acknowledged in the order allowing the interpleader that "[t]he parties have represented that no other party could claim to the entitled to the funds in dispute and/or a portion thereof." *Id.* In the same order, the trial court discharged Compass Bank from any liability to the account holders and the son and his wife and dismissed all claims against Compass Bank with prejudice. *Id.* At that point, no claims remained pending between any parties. The only matter remaining was the withdrawal of the funds by the owners of the accounts, father, wife and daughter, but this was a ministerial act because no one, other than their owners, had made any claims to the accounts.

Compass Bank also moved for summary judgment on the claims for payment of the accounts made by father, wife and daughter and on an undefined claim that the father had breach the account agreement with respect of the transfers totaling $25,000.00 from son's account to father's account, notwithstanding that the trial court had granted summary judgment against son that the transfers were authorized. *See Compass Bank's Motion for Summary Judgment, Appendix 16.* Compass Bank also sought attorney's fees in

4

the exact amount, to the penny, of the attorney's fees awarded against son. *Id.* The claim for attorneys' fees was apparently based on the claim that parents and daughter had made an improper claim to their accounts. *Id.* Parents and daughter responded and filed a counter-motion for summary judgment for the payment of their accounts, given that no one, except the owners, had made a claim against any of their accounts. *See Response and Countermotion for Summary Judgment, Appendix 17.*

On July 30, 2015, the trial court granted Compass Bank's motion for summary judgment and denied parents' and daughter's counter-motion for summary judgment for the payment of their accounts. *See Summary Judgment Order, Appendix 18.* The Court held parents and daughters liable for the $100,836.55 in attorney's fees awarded against son. *Id.* This order appears to be redundant because the trial court allowed the interpleader and granted the same attorneys' fees, which basically is the same relief the summary judgment grants.

In any event, the summary judgment, together with the order allowing the interpleader, was final because it disposed of all claims and parties still remaining after non-suits and the prior severance of claims between son and Compass Bank. *Id.* The only matter left was the ministerial act of the withdrawal of the funds by their owners since no one other than their owners had ever made any claim to the accounts. *Id.* Although there was no need to sever the summary judgment and order allowing the interpleader into a separate case to achieve finality, the trial court signed an order

5

severing the claims and parties disposed from the no-longer-pending claims and parties. *See Order of Severance, Appendix 18*.

Peculiarly, the order granting severance was signed by the trial court on July 30, 2015, leaving blank the space where the new case number was to be inserted, although it purports to be a number to be assigned by the trial court at the same time the order is signed. *Id.* On that same day, copies were made of the severance order with the blank space and they were hand-delivered to counsel for both Compass Bank and Jose, Matilde and Elaine George. *See Declaration of Alberto Alarcon, Appendix 19*. Until the filing of the motion to dismiss for lack of jurisdiction, counsel for Jose, Matilde and Elaine George had never seen Exhibit "B" attached to said motion where the original cause number was erased from the order of severance and stamped with the new number and style, apparently by the Clerk. *Id.*

Eleven days after the July 30, 2015 orders, Jose, Matilde and Elaine George, using the original case number, filed their motion seeking to modify, correct and reform the orders of July 30, 2015: 1) the summary judgment on all claims between Jose, Matilde and Elaine and Compass Bank (which within denied their counter-motion for summary judgment), 2) the order granting Compass Bank's second motion to approve interpleader and 3) the severance order. *See Motion to Modify, Correct and Reform Judgment, Appendix 20*. Compass Bank responded, also using the original case number, ignoring the severed number and never complaining that another number should be used,

6

obviously understanding that the judgment of July 30, 2015, was a final appealable judgment, even without the severance order. *See Response Motion to Modify, Correct and Reform Judgment, Appendix 21.*

Later, Compass Bank deposited the funds in the accounts in the registry of the trial court (less the $100,836.55 awarded in attorney's fees), using the original case number, both on the transmittal letter and on the checks it issued to the Clerk and to itself. *See Letter to District Clerk and checks, Appendix 22.* The Georges moved to withdraw the funds in the registry of the court, using the original case number. *See Motion to Withdraw Funds Deposited in the Registry of the Court, Appendix 23.* Compass Bank used the original case number to oppose the Georges' motion to withdraw funds, and requested under the original case number that $114,065.48 be left in the registry of the trial court as security for its judgment for attorney's fees on appeal and future appellate fees. *See Response to Motion to Withdraw Funds, Appendix 24.* The trial court also ignored the severed number and used the original case number to allow the withdrawal of some funds and ordered the retention of $114,065.48 to secure the judgment for appellate attorney's fees and future attorney's fees. *See Docket Sheet, Appendix 7.* The District Clerk also ignored the severed number and issued the check to the Georges using the original case number. *See Check, Appendix 25.*

7

## SUMMARY OF THE ARGUMENT

Compass Bank, assuming that appellants filed their motion to modify, correct or reform judgment and then their notice of appeal using the wrong case number, presents a question resolved by the Supreme Court more than 20 years ago: does a court of appeals lack appellate jurisdiction simply because the appellant files a motion for new trial and then, more than 30 days after the judgment, a notice of appeal, using the original (wrong) case number for both rather than the numbered assigned to the judgment after severance? The answer: no. This case and many others since that decision exemplify the wisdom of that ruling. Appellate subject matter jurisdiction should be based on substance, not numbering technicalities, lest the right to appeal be lost to trivial mechanics. *Blankenship v. Robins*, 878 S.W.2d 138, 139 (Tex. 1994).

*Blankenship* is on point, assuming, *arguendo*, the motion to modify, correct, or reform judgment was filed using the wrong case number. Thus, this Court rightly determined, on another case on point, that filing a motion for new trial under the original case number rather than under the severed case number does not defeat the appellate court's jurisdiction. *Matlock v. McCormick,* 948 S.W.2d 308, 310 (Tex. App.-San Antonio 1997, no writ). Concentrating on substance, this Court upheld its jurisdiction stating that "to the extent the motion for new trial refers to the summary judgment granted…and it was the only summary judgment granted…the misnumbering" is just a technical formality which does not trump substance. *Id.*

Moreover, appellate jurisdiction should be upheld when the severance order is itself an erroneous part of the judgment appealed from. This can occur when, as here, the severance order is erroneous because there are no parties and claims left to sever after the summary judgment. The original number was, therefore, the correct number to use for the motion to modify, correct or reform judgment and then, for the notice of appeal.

**ARGUMENT**

**I.     A motion for new trial, and then, more than 30 days after the judgment, a notice of appeal, filed using the original (wrong) case number for both rather than the numbered assigned to the judgment after severance invokes appellate jurisdiction if the there is no confusion regarding the judgment assailed.**

The Supreme Court's decision in *Blankenship* is on point. In that case, the trial court granted summary judgment, and, to finalize the judgment for purposes of appeal, severed the judgment from the claims against the remaining defendants. *Blankenship,* 878 S.W.2d at 138. The trial court's order stated that the remaining defendants would be assigned a new case number, leaving the summary judgment under the original case number. *Id.* The appellant filed a motion for new trial and after it was overruled by operation of law, the appellant filed the then equivalent to a notice of appeal. *Id.* Both were filed using the severed (wrong) case number. *Id.* The Supreme Court upheld appellate jurisdiction stating "the decisions of the courts of appeals [should] turn on substance rather than procedural technicality." *Id.* at 139. Moreover, the Supreme Court stated that the appellant's actions (the filing of the motion for new trial, and after it was

9

overruled by operation of law, the filing of the then equivalent to the notice of appeal) "constituted a bona fide attempt to invoke the appellate jurisdiction." *Id.*

Ironically, Compass Bank attempts to distinguish *Blankenship* with technicalities. The only difference from this case is that in *Blankenship* the severance order stated that remaining defendants would be assigned a new case number and the judgment would remain in the original case number. *Id.* at 138. In this case, the judgment was to go to the new number. As in this case, everyone in *Blankenship*, the parties, the clerk and the trial court, ignored the order of severance. *Id.* The appellant filed a motion for new trial and the appellee filed a reply under the severed case (wrong) number rather than the original (correct) number. *Id.* Here, the Georges filed the motion to modify and correct judgment and Compass Bank responded, both using the original case number. Compass Bank deposited the monies using the original case number. The Georges sought to withdraw the funds filing a motion under the original case number. Compass Bank opposed the motion and requested that some money should stay in the registry of the Court using the original case number. The trial court ordered some money released and some money to stay as security for appellate and future attorney's fees, using the original case number.

Compass Bank also attempts to distinguish *Blankenship* with an incorrect statement of what happened in that case. According to Compass Bank, that "contrary to the order the trial clerk instead assigned a new cause number to the summary

judgment, leaving the remaining claims in the original case." *See Motion to Dismiss p. 11.* And, that "the trial court and the parties then proceeded in accordance with the clerk's actions." *Id.* All the clerk did, however, was to issue an abstract of judgment with the severed case number, perhaps the equivalent of issuing a check with the original case number in this case. *Blankenship,* 878 S.W.2d at 138. Neither could trump the order of severance.

Compass Bank relies heavily on *Philbrook v. Berry,* 683 S.W.2d 378 (Tex. 1985). Since *Philbrook,* however, the Supreme Court has twice expressly criticized and questioned the validity of its decision in *Philbrook. See City of San Antonio v. Rodriguez,* 828 S.W.2d 417, 418 (Tex. 1992) and *Texas Instruments v. Tetron Energy Management,* 877 S.W.2nd 276, 278 (Tex. 1994). More specifically, in *Texas Instrument* the Supreme Court questioned the soundness of *Philbrook's* holding "that a motion for new trial filed in a case did not extend the trial court's plenary power to set aside a judgment severed from that case." *Id.* Immediately after that sentence, the Supreme Court stated "[h]owever, in *City of San Antonio*…. (per curiam), we questioned whether *Philbrook* was correctly decided and held that a notice of appeal was effective even though it bore the wrong case number when there was no suggestion of confusion" as to which judgment was being assailed. *Id.* The Supreme Court reiterated and reminded courts of appeals "that decisions should turn on substance rather than procedural technicality." *Id.*

11

Furthermore, Compass Bank attempts to distort *Blankenship* by borrowing similar language from another Supreme Court case, *In re K.A.F.,* 160 S.W.3d 923, 928 (Tex. 2005), which dealt with a totally different issue than the one presented here. *K.A.F.* involved an accelerated appeal in which the appellant did not file a notice of appeal within the twenty days allowed by the Rules of Appellate Procedure. *Id.* The appellant argued that a motion for new trial should extend the time to file the notice of appeal as in the case of an ordinary appeal or, in the alternative, should serve as a substitute for the notice of appeal. *Id.* at 925-928. As to the first issue, the Supreme Court held that the Rules of Appellate Procedure do not provide for an extension to file a notice of appeal if a motion for new trial is filed in a case where an accelerated appeal is available. *Id.* As to the second issue, the Supreme Court held that "because a motion for new trial extends the deadline to file a notice of appeal…a motion for new trial logically cannot serve as a substitute for a notice of appeal." *Id.* That is the context in which the Supreme Court used language stating that "a motion for new trial is not an instrument that may be considered a bona fide attempt to invoke the appellate jurisdiction…" *Id.* at 928. In other words, a motion for new trial is not a notice of appeal.

But the issue and context in *Blankenship* was not whether a motion for new trial is a substitute of a notice of appeal. The issue was whether a motion for new trial filed using the wrong cause number is part of the perfection-of-appeal process to the extent it extends the period to file the notice of appeal. *Id.* at 139. The answer: yes. *Id.* Compass

12

Bank's use of similar language used by the Supreme Court in a totally different context and issue is perhaps more technical and lacking in substance than filing a motion for new trial using the wrong cause number.

Another case directly on point is this Court's decision in *Matlock*. Just as in this case, a summary judgment was severed into a new case and a new number was assigned to the case. *Id.* at 310. Unlike this case, however, in *Matlock* there were remaining claims and parties after severance. The appellant filed a motion for new trial under the original case number. *Id.* Appellee claimed the motion for new trial was not effective to extend the time to file a notice of appeal and sought to dismiss the appeal for lack of jurisdiction. *Id.* Citing *Blankenship* and others, the Court stressed that substance trumps form. "To the extent the motion for new trial refers to the summary judgment granted…and it was the only summary judgment granted…the misnumbering" is just a technical formality which did not cause confusion regarding which judgment was being appealed. *Id.*

Compass Bank dismisses *Matlock* as a case decided before *K.A.F.* As seen above, the Supreme Court's language in *K.A.F.* that a motion for new trial "may not be considered a bona fide attempt to invoke the appellate court's jurisdiction" was in the context of whether a motion for new trial may be used as a substitute for a notice of appeal." *Id.* at 925-928. The case had nothing to do with a motion for new trial filed using a wrong case number and then a notice of appeal also filed using the wrong case

13

number. *Id.* All the Supreme Court said in *K.A.F.* is that a motion for new trial is not a substitute for a notice of appeal, and not that a motion for new trial and then a notice of appeal, both filed in a wrong case number, is not a bona fide attempt to appeal. *Id.* Compass Bank's application of similar language totally in a different context is illogical and technical.

For other cases holding that a motion for new trial filed using the wrong case number extends the time to file the notice of appeal and the appeal is perfected when the notice of appeal is filed also using the wrong case number, see *Mueller v. Saravia*, 826 S.W.2d 608, 609 (Tex. 1992) (motion for new trial filed using original case (wrong) number after severance was "bona fide" attempt to perfect appeal); *Jones v. Tummel,* No. 13–13–00668–CV, 2014 WL 2937011, at *2 (Tex. App.–Corpus Christi June 26, 2014, no pet.) (mem. op.) ("the motions for new trial [filed using original cause number] were bona fide attempts to invoke appellate jurisdiction"); *Paselk v. Rabun,* 293 S.W.3d 600, 607 (Tex. App.-Texarkana 2009, pet. denied) (concluding that motion for new trial extended appellate deadlines despite being filed using the wrong cause number); *Leal v. City of Rosenberg,* 17 S.W.3d 385, 386 (Tex. App.–Amarillo 2000, order) (holding that timely motion for new trial filed using original cause number extended time to file notice of appeal in severed cause); *Hernandez v. Koch Mach. Co.*, 16 S.W.3d 48, 56 (Tex. App.-Houston [1ˢᵗ Dist.] 2000, pet denied) (same); *Hall v. Stephenson*, 919 S.W.2d 454, 463 (Tex. App.-Fort Worth 1996, writ denied) (same); *Blizzard v. Select Portfolio Servicing,* No.

03–13–00716–CV, 2014 WL 2094324, at *1 (Tex. App.–Austin May 13, 2014, order) (same).

In this case, there can be no doubt that the motion for to modify, correct or reform judgment specifically makes reference to and assails the summary judgment, the order allowing the interpleader and the order of severance, all signed on July 30, 2015. Those are the orders complained of and are the only orders signed on July 30, 2015. There is no confusion as to the orders appealed from.

## II.    The appeal was perfected using the case number under which the final judgment disposing of all parties and claims was entered.

Moreover, the summary judgment and the order allowing interpleader disposed of all parties and claims, except for the ministerial act of the disbursement of the funds interpleaded. All other claims had been nonsuited or severed in the prior severance order. The summary judgment, combined with the order allowing interpleader, were final and appealable. They were entered using the original case number. The severance had no purpose and, therefore, is an error. In such a situation, it is correct to use the original case number in a motion to correct, modify or reform judgment and, after, the notice of appeal.

## PRAYER

Appellants pray that Compass Bank's motion to dismiss for lack of jurisdiction be denied.

Respectfully submitted,

/s/ Alberto Alarcon
Alberto Alarcon
   State Bar No. 00968425
HALL, QUINTANILLA & ALARCON, PLLC
1302 Washington St.
Laredo, Texas 78040
Telephone: (956) 723 5527
Facsimile: (956) 723 8168
Email: aalarcon@sbcglobal.net

ATTORNEY FOR APPELLANTS

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been delivered to the following by the E-filing system on this the 30th day of December, 2015:

Michael D. Conner
mconner@hirschwest.com
William P. Huttenbach
phuttenbach@hirschwest.com
1415 Louisiana, 36th Floor
Houston, Texas 77002


/s/ Alberto Alarcon
Alberto Alarcon