

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00279-CV

———————————————

GARY LEE EASLEY, Appellant

V.

HSBC BANK USA, N.A., AS INDENTURE TRUSTEE OF THE FBR
SECURITIZATION TRUST 2005-2, CALLABLE MORTGAGE-BACKED NOTES,
SERIES 2005-2; AND SPECIALIZED LOAN SERVICING, LLC, Appellees

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-298803-18

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Gary Lee Easley attempts to appeal from an interlocutory summary-judgment order made final and appealable when the trial court signed a severance order on April 25, 2019.

Easley sued three defendants: (1) HSBC Bank USA, N.A., as Indenture Trustee of the FBR Securitization Trust 2005-2, Callable Mortgage-Backed Notes, Series 2005-2; (2) Specialized Loan Servicing, LLC; and (3) Superior Lending Mortgage (TX). Represented by the same counsel, HSBC Bank and Specialized Loan Servicing answered and counterclaimed and then moved for summary judgment on their counterclaims and on Easley's claims against them. The trial court signed an order granting HSBC Bank and Specialized Loan Servicing's summary-judgment motion, ordering that Easley take nothing on his claims against them, and ordering Easley to pay $14,324.31 in attorneys' fees and costs to HSBC Bank and Specialized Loan Servicing. On April 25, 2019, the trial court signed an order severing Easley's claims against Superior Lending Mortgage into a separate cause.

The appellate timetable runs from the date the trial court signs an order that creates a final and appealable judgment. *See Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) ("When a judgment is interlocutory because unadjudicated parties or claims remain before the court, and when one moves to have such unadjudicated claims or parties removed by severance, dismissal, or nonsuit, the appellate timetable runs from the signing of a judgment or order disposing of those claims or parties.").

2

"As a rule, the severance of an interlocutory judgment into a separate cause makes it final." *Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001). A trial court can, however, condition the severance order's effectiveness on a future event. *See McRoberts v. Ryals*, 863 S.W.2d 450, 453 n.3 (Tex. 1993) ("Of course, the trial court could have conditioned the effectiveness of the severance on a future certain event, such as the clerk's assigning a cause number and payment of fees associated with the severance by the party requesting it."). But without such a condition, a severance order is effective when the trial court signs it, even if the trial-court clerk fails to create a separate file with a different cause number. *Id.* at 452–53.

Here, the summary-judgment order disposed of Easley's claims against HSBC Bank and Specialized Loan Servicing and their counterclaims against Easley. But that order was interlocutory because Easley's claims against Superior Lending Mortgage remained pending. When the trial court signed the April 25, 2019 order severing those unadjudicated claims into a new cause, the interlocutory summary-judgment order became final and appealable.

Easley then moved for a new trial on his claims against HSBC Bank and Specialized Loan Servicing and on their counterclaims against him.[1] Easley's new-trial

---

[1] We note that Easley incorrectly filed his new-trial motion in the new, severed action. In *Philbrook v. Berry*, the Texas Supreme Court held that a motion for new trial filed in the wrong action "did not operate to extend the court's plenary power over its judgment beyond the thirty days prescribed by [Rule] 329b(d)." 683 S.W.2d 378,

3

motion was due on May 28, 2019, but he did not file it until May 30, 2019, two days late.[2] *See* Tex. R. Civ. P. 4, 329b(a) (requiring a new-trial motion to be filed within 30 days of the trial court's signing a final judgment). Because Easley did not timely move for a new trial, his notice of appeal was due on May 28, 2019.[3] *See* Tex. R. App. P. 4.1(a), 26.1(a)(1) (stating that unless any party timely moves for a new trial, a notice of appeal must be filed within 30 days after the judgment is signed). But Easley did not file his notice of appeal until July 25, 2019—nearly 60 days late.

We notified the parties by letter of our concern that we lack jurisdiction over this appeal because Easley's untimely filed new-trial motion did not extend his time

---

379 (Tex. 1985) (orig. proceeding) (op. on reh'g) ("In addition to being filed timely, the motion for new trial must be filed in the same cause as the judgment the motion assails."). The court has yet to explicitly overrule *Philbrook*, but in subsequent cases, it has questioned, distinguished, or limited *Philbrook*'s holding. *See, e.g.*, *Blankenship v. Robins*, 878 S.W.2d 138, 138–39 (Tex. 1994); *Tex. Instruments, Inc. v. Teletron Energy Mgmt., Inc.*, 877 S.W.2d 276, 278 (Tex. 1994); *McRoberts*, 863 S.W.2d at 454–55; *City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992); *Mueller v. Saravia*, 826 S.W.2d 608, 609 (Tex. 1992). Here, however, it does not matter in which action Easley filed his new-trial motion because it was untimely.

[2]The thirtieth day after the trial court's signing of the severance order fell on Saturday, May 25, 2019. The following Monday was Memorial Day, a legal holiday. Thus, the 30-day period in which Easley had to file his new-trial motion was extended to Tuesday, May 28, 2019. *See* Tex. R. Civ. P. 4 ("The last day of the period so computed is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.").

[3]As with his deadline to move for a new trial, Easley's deadline to file a notice of appeal was likewise extended. *See* Tex. R. App. P. 4.1(a) ("The last day of the period is included, but if that day is a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday.").

4

for filing a notice of appeal and thus his notice of appeal was untimely. *See* Tex. R. App. P. 26.1(a)(1). We warned Easley that if we determined that the appeal was not timely perfected, we would dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

According to Easley's response to our letter, his view is that the severance was not effective until May 6, 2019, when the severance order was filed with the trial-court clerk and "the severed cause of action was established and assigned a [cause] number."[4] But the severance order did not condition the effectiveness of the severance on any future event. *See McRoberts*, 863 S.W.2d at 453 n.3. The severance was thus effective when the trial court signed the severance order on April 25, 2019, *see id.* at 452–53, which made the summary-judgment order final and appealable. *See Farmer*, 907 S.W.2d at 496. The appellate timetables for appealing that order thus ran from April 25, 2019, the date the trial court signed the severance order. *See id.* And because Easley did not timely file his new-trial motion, his notice of appeal was due

---

[4]Easley implies that the cause number for the severed action was assigned sometime after the trial court signed the severance order on April 25, 2019. We cannot tell from the documents provided to us when the new cause number was assigned. But even if the trial did not assign a cause number until a later date, our conclusion here would be the same. *See AZS Holding Co. v. Khosh-Sirat*, No. 05-18-00845-CV, 2018 WL 5278730, at *1 (Tex. App.—Dallas Oct. 24, 2018, no pet.) (mem. op.) (concluding that severance of interlocutory judgment into a separate cause made it final even though the severance order left a blank for a new cause number and explaining that "finality of an unconditional severed judgment" is not affected by "[w]hether the trial court clerk ever creates a physically separate file or assigns a new cause number").

within 30 days of the severance order's signing but was not filed until July 25, 2019—nearly 60 days late.

Absent a timely filed notice of appeal from a final judgment or appealable interlocutory order, we do not have jurisdiction over an appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Because Easley's notice of appeal was untimely, we dismiss the appeal. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: November 14, 2019