# Supreme Court of Texas

## No. 23-0589

## In the Interest of A.C.T.M., a Child

### On Petition for Review from the
### Court of Appeals for the Thirteenth District of Texas

### PER CURIAM

After the trial court terminated Mother's parental rights, the court of appeals dismissed her appeal for lack of jurisdiction on two separate occasions. In this Court, Mother challenges the court of appeals' dismissal. Respondent, the Department of Family and Protective Services, agrees with Mother that the court of appeals had jurisdiction over the appeal, and it contended as much before that court. The Department thus confesses error in the judgment.

We agree with Mother and the Department. As the Department has confessed error, we reverse the judgment of the court of appeals without requesting further briefing or hearing argument. We remand the case to the court of appeals to address Mother's issues on the merits.

## I

In July 2022, the presiding associate judge ordered the termination of Mother and Father's parental rights.[1] Mother timely requested a de novo hearing before the trial court. The trial court orally pronounced that it would affirm the associate judge's ruling, and on October 24, 2022, Mother noticed her appeal. Mother's notice was premature because the trial court did not sign a written order of termination until November 8, 2022.

Neither the parties nor the appellate court supplemented the clerk's record to include the trial court's two-page November order. *See* ___ S.W.3d ___, 2023 WL 4013579, at *3 (Tex. App.—Corpus Christi–Edinburg June 15, 2023). Relying on the absence of this order, the appellate court dismissed Mother's appeal for lack of jurisdiction, holding that "there is no final, appealable order" that conferred appellate jurisdiction. *See In re A.C.T.M.*, No. 13-22-00517-CV, 2023 WL 105116, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 5, 2023, no pet.). The court of appeals recited that the district clerk had informed the appellate clerk that there were "no signed orders or judgments memorializing the trial court's October 24, 2022 oral pronouncement."[2] *Id.* The appellate court advised Mother that an appealing party "must

---

[1] The child's father has not appealed to this Court. Only the termination of Mother's rights is before us.

[2] The record does not provide details about the date or nature of these communications, but courts of appeals are instructed to cure record defects under Texas Rule of Appellate Procedure 34.5(d). TEX. R. APP. P. 34.5(d) ("[T]he appellate clerk must inform the trial court clerk of the defect or inaccuracy and instruct the clerk to make the correction.").

file a new notice of appeal" once the trial court rendered "a final judgment or order adopting the associate judge's recommendation." *Id.*

Two weeks later, after the court of appeals issued its first opinion and judgment, the trial court signed a second order terminating Mother's parental rights. Unlike the November order, the eight-page January order named a managing conservator for the child and included the statutorily mandated instructions notifying Mother of her right to an appeal.[3] *See* TEX. FAM. CODE § 161.207(a); *id.* § 263.405(b). Mother again filed a notice of appeal, this time within twenty days of the trial court's January order.

In an about-face, the appellate court informed Mother in May that her appeal from the January order was untimely because, in its view, the November order was the relevant final order and had been from the start. The court gave Mother ten days to "cure" the defect in what it deemed was (1) her untimely notice of appeal from the final November order and (2) an ineffective appeal from the January order because the trial court had lost plenary power, rendering the January order void. ___ S.W.3d ___, 2023 WL 4013579, at *1, *4. Mother and the Department both responded, with the Department conceding that the court of appeals had jurisdiction over the case.

Though the parties urged that the court of appeals possessed jurisdiction, the court nevertheless dismissed Mother's second appeal. *Id.* at *4. The court concluded that the trial court's January order was void because the trial court had lost plenary power following the final

---

[3] The two-page November order purports to include a complete final judgment as an attached "Exhibit A," which is not part of the record.

3

November order. *See* TEX. R. CIV. P. 329b(d). Docketing Mother's second appeal under a new appellate case number, the court held that Mother could not appeal from a void order. ___ S.W.3d ___, 2023 WL 4013579, at *4 (citing *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012)). The court of appeals further held it would not relate Mother's second notice of appeal back to the November order because her second notice of appeal was untimely for that order. *Id.* (citing TEX. R. APP. P. 26.1(b), 28.1(b), 26.3, and *Verburgt v. Dorner*, 959 S.W.2d 615, 615 (Tex. 1997)). The dissenting justice would have exercised jurisdiction over the appeal, holding that the January order was the trial court's final order. *Id.* at *4-6 (Benavides, J., dissenting) (illustrating the incompleteness and lack of finality of the November order).

## II

We review de novo the court of appeals' dismissal for lack of jurisdiction. *In re Jones*, 629 S.W.3d 921, 924 (Tex. 2021). Mother's January appeal was timely if the trial court's January order was the final order, and the dissenting justice provides convincing arguments that it was. Even accepting the court of appeals' majority opinion that the November order was the final order, however, Mother had appealed from it. Mother timely noticed her appeal from both orders and timely sought to invoke the appellate court's jurisdiction from both. The court of appeals erred in declining to exercise jurisdiction.

Generally, a party must perfect its appeal by filing a written notice of appeal within thirty days—or twenty days for accelerated appeals like this one—after the judgment is signed. TEX. R. APP. P.

4

26.1(b). A prematurely filed notice of appeal, however, "is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal." TEX. R. APP. P. 27.1(a). Mother filed her first appeal after the oral pronouncement but before the trial court signed the November order. Under Rule 27.1(a), this premature filing successfully invoked the jurisdiction of the appellate court. If the November order is the final order, then the court of appeals should have accepted Mother's original, early appeal.

That the November order was not included in the record of Mother's original appeal presents a record defect, not a jurisdictional defect. *See* TEX. R. APP. P. 25.1(b), 34.5(d). Mother's appeal effectively invoked the jurisdiction of the appellate court because it was a timely filed bona fide effort to invoke the court's jurisdiction. *See In re J.M.*, 396 S.W.3d 528, 530 (Tex. 2013) ("The primary 'factor which determines whether jurisdiction has been conferred on the appellate court is . . . whether the instrument was filed in a bona fide attempt to invoke appellate court jurisdiction.'" (quoting *Warwick Towers Council of Co-Owners v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008)). Under the rules of appellate procedure, a court of appeals must direct the trial court to supplement a defective record before dismissing a case for lack of jurisdiction. TEX. R. APP. P. 34.5(d). The court of appeals appears to have done so here—according to the court's first opinion, the clerks of the trial and appellate courts communicated about whether the trial court issued a final order. *A.C.T.M.*, 2023 WL 105116, at *1. The court relied on these communications to hold that there was no final order.

5

This appeal, however, arises from Mother's January notice of appeal. The court of appeals should have exercised jurisdiction despite its conclusion that Mother's January notice of appeal was untimely for the November order. Mother's first notice of appeal in November sufficed to invoke the court's jurisdiction over the November order. The parties and the trial court carried out the court of appeals' mandate to finalize what the court of appeals later determined was already final. Filing a new notice of appeal under the court's instructions did not nullify Mother's November notice of appeal once the court of appeals reversed course and resurrected that appeal. The court of appeals directed Mother to file a new notice of appeal after the trial court's plenary power would have ended under the November order.[4] *See id.* She followed those instructions. The court of appeals' reversal of course, not mother's actions, resulted in these extraordinary events. Mother did not relinquish her appellate rights by following the court's instructions.

Under its later reasoning, the court of appeals' first dismissal of the appeal was error because the first appeal was later determined to be, in fact, a timely appeal of a final order. An obdurate reading of the appellate rules deprived Mother of her appellate rights despite a notice of appeal from both orders. Given the constitutional protections afforded

---

[4] The court of appeals properly gave Mother an opportunity to cure the no-final-order defect during her first attempted appeal, which is required before dismissing for a procedural defect. TEX. R. APP. P. 44.3. The court of appeals recognized no final order at the time of its first dismissal. *A.C.T.M.*, 2023 WL 105116, at *1 ("[I]t appears there is no final, appealable order."). Mother's appeal in January was an attempt to cure the defect recognized in her first dismissal. Her attempt was made in good faith and should be given effect.

6

to parents whose parental rights are in jeopardy, rejecting Mother's second appeal after an erroneous first rejection in this manner implicates her due process rights.[5] *See In re K.M.L.*, 443 S.W.3d 101, 121 (Tex. 2014) (Lehrmann, J., concurring) (collecting authorities discussing due process protections in parental-rights cases).

This case is like *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714 (Tex. 2003). In *Briscoe*, the court of appeals rejected a first appeal because there was no final judgment and later rejected a second appeal, holding that a final order was present at the time of the first appeal after all. *Id.* at 716. The second appeal was untimely according to that original final order, so the court of appeals held it lacked jurisdiction over the second appeal. *Id.* While recognizing that the court of appeals had the power to correct its erroneous first rejection of the appeal, our Court observed that the correction did "not mean that the court of appeals was correct in dismissing [the second] appeal for want of jurisdiction. As incorrect as that [first] decision was, as a matter of law, the judgment was then interlocutory," and the appellant "did everything that he possibly could to preserve his appellate rights." *Id.* at 717. Recognizing the

---

[5] This Court has recognized appellate jurisdiction to avoid due process implications where an appellant follows erroneous instructions from a governmental body. *Mosley v. Tex. Health & Hum. Servs. Comm'n*, 593 S.W.3d 250, 254 (Tex. 2019). In *Mosley*, an administrative law judge sent a party a letter explaining that she had thirty days to petition a district court for review. *Id.* at 255. The appellant "did exactly as the letter and rule directed . . . only to be informed that in so doing she had failed to exhaust her administrative remedies and was not entitled to judicial review." *Id.* at 268. We reinstated the party's administrative case. *Id.* at 269. That decision was informed by the party's detrimental reliance on the agency's instructions. Similarly, here, Mother and the trial court relied on the appellate court's instructions in its first opinion dismissing the appeal.

"oft-repeated position that a party should not lose the right to appeal because of an 'overly technical' application of the law," this Court held that "the court should have asserted jurisdiction over [the appellant's] second appeal and considered his issues on the merits." *Id.* (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001)).

Similarly, in this case, it is hard to see what more Mother could have done to invoke her appellate rights. The November order became effectively interlocutory after the Court rejected Mother's first appeal on that basis. Mother, following the directive of the court of appeals in its first opinion, appealed again after the trial court issued its January order. Like the appellant in *Briscoe*, Mother did everything she could to invoke appellate jurisdiction. The court of appeals should have reached the merits of her claim. *See Horton v. Stovall*, 591 S.W.3d 567, 567 (Tex. 2019) ("Rather than disposing of appeals based on harmless procedural defects, 'appellate courts should reach the merits of an appeal whenever reasonably possible.'" (quoting *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008))); *Blankenship v. Robins*, 878 S.W.2d 138, 139 (Tex. 1994).

*       *       *

Mother timely noticed her appeal from both judgments under consideration by the court of appeals. The court of appeals erred in rejecting jurisdiction after Mother relied on the appellate court's ruling rendering her initial appeal interlocutory. The Department confesses error in the judgment. Without requesting briefing on the merits or hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant Mother's

8

petition for review, reverse the judgment of the court of appeals, and remand this case to the appellate court for further proceedings.

**OPINION DELIVERED:** December 29, 2023